LOUISE F. MARS, RESPONDENT, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, APPELLANT.

54 625
78 526
54h 625
52ad572
54h 625
40 Mis⁵213

*Negligence — leaving an engine, with its fire banked, on a side track, from which it moves onto, and collides with a train on, the main track of the railroad — what act of an employee is not within the scope of his employment — proximate cause of an accident.*

In an action, brought to recover for injuries received by a regular passenger on a railroad train, it was shown that a "wild-cat engine," about seven o'clock in the evening, was left standing upon a side track, two tracks east of the main track of the railroad company, with its fire banked, in charge of an employee (McFarland), whose duty it was to keep water in the boiler and take general charge of it over night. McFarland, about one o'clock in the morning, left the engine standing upon the side track and went north several hundred feet to a switch shanty. While there the engine was moved in some manner, which the evidence did not disclose, south, across several switches, to and upon such main track, and was started north, moving backwards without lights, and with no person upon it, at full speed. It ran about half a mile when a collision took place between it and a passenger train, resulting in the injuries to the passenger complained of. It was claimed that the railroad company, the defendant, was negligent in leaving the engine unattended on the side track.

*Held,* that as it appeared that the engine's fires were banked, and that it could not go on to any main track without passing several switches, that a competent man was placed in charge of it, who left it only after it had stood on the track six hours, that the defendant was not guilty of negligence.

That the defendant was only liable for omitting to provide against those dangers which might be reasonably expected to occur and such as might be foreseen by ordinary forecast.

*Carpenter* v. *Boston and Albany Railroad Company* (24 Hun, 108) followed.

The judge presiding at the trial charged that if the engine was started from where it was placed by some person not in the employ of the defendant, and was sent northward, the defendant was not liable; but that if such act was done by one of the defendant's employees, though negligently or willfully, the defendant would be liable, and he refused to charge that if the act was done maliciously by one of the defendant's employees, other than McFarland, the defendant was not liable.

*Held,* that as, upon the evidence given, the jury were authorized to find that the engine was moved south to the main track, and then north by some employee of the defendant or other person maliciously, the defendant was entitled to have the jury instructed that if the engine was maliciously started by one of the defendant's employees, other than McFarland, the defendant was not liable.

That such an act on the part of an employee was not within the scope or in the course of his employment.

The plaintiff contended that, conceding that the engine was moved maliciously by an employee of the defendant or other person, that the negligent act of the defendant in leaving, where it was, a dangerous machine with fire in it, without an attendant, was one of the concurring or proximate causes of the injury to the plaintiff, who was consequently entitled to recover.

*Held,* that the injury to the plaintiff, to recover for which this action was brought, was not caused by the negligence of the defendant in leaving its engine on the side track, as the injury was not the natural or ordinary result of such an act and could not have been foreseen.

Cases bearing upon this subject collated, considered and distinguished by PUTNAM, J.; LANDON, J., dissenting.

APPEAL by the defendant from a judgment in favor of the plaintiff entered, upon the verdict of a jury for $400, rendered at the Albany Circuit, in the office of the clerk of Albany county on March 28, 1888.

*Edwin Young,* for the appellant.

*Edwin Countryman,* for the respondent.

PUTNAM, J.:

Plaintiff, while lawfully on a regular passenger train of defendant, on May 20, 1884, was injured by its collision with a "wild-cat" engine. The wild-cat engine was left that evening about 7 o'clock standing upon a side track, two tracks east of the down main track, upon which the collision occurred, with its fire banked, in charge of an employee (one McFarland) whose duty it was to keep water in the boiler and take general charge of it over night. About one A. M., McFarland left the engine standing upon said side track and went north several hundred feet to a switch shanty. While there the engine was moved in some way across several switches upon the south-bound main track, and the engine started north, backward, without lights and with no person upon it, at full speed. It ran about half a mile and collided with the train in question.

The action is founded on the defendant's alleged negligence in leaving its engine unattended on a side track, and it is claimed that such negligence caused the injury to plaintiff for which the action is brought. It is not clear that the act of defendant in leaving its engine on its own premises, with its fire banked and where it could not go on to any main track without passing several switches, with

a competent man in charge of it, and who appears only to have left it after it had stood six hours, and when not likely to start, was under any circumstances a negligent act. A party is only answerable, as for negligence, for omitting to provide against those dangers which might be reasonably expected to occur, such as might be foreseen by ordinary forecast. (*Carpenter Case*, 24 Hun, 108.) Could defendant, by ordinary forecast, have foreseen that this engine would be moved over two or three switches, across an intervening track, on to the south-bound track and sent flying northward? We, however, in our consideration of the case, assume that the jury were authorized to find that the act of defendant and its servants, in leaving this engine on the track unattended at the time mentioned, was negligence, and hence that if that negligent act was the cause, or proximate cause, of the injury to the plaintiff, the verdict given by the jury should be sustained.

The learned judge who presided at the trial charged that, if the engine was started from where it was placed by the employees of the defendant the night before, by some person not in the employ of defendant, and taken to the main track and sent northward, thus causing the accident, the defendant was not liable; but that if such act was done by one of defendant's employees, though negligently or willfully, defendant would be liable. And he refused to charge that if the act was done maliciously by one of the defendant's employees (except McFarland), defendant was not liable.

The evidence in the case was such that the jury could have properly found that the engine was taken from where it had been left, southward, over and across several switches, onto the south-bound track and sent rapidly northward. The freight agent saw it first going north on the main track by the freight depot, which was south of where it stood, during the night. Another witness saw it laboring hard and coming from the south. We are not aware that there is any contradiction of this testimony, and hence it may, perhaps, be deemed established that the engine was taken south to the main track and then turned and sent northward. But, at least, there was such evidence given that the jury could have properly so found. The probabilities are that the engine, which had stood there six hours safely, would not *then* have started itself, and moving over several switches, onto the main track, have gone

northward. If the engine went south to the main track and then turned north, it follows that the engine must have been so moved by some human agency. It did not appear, nor was there any evidence to indicate, whether the act was done by an employee of defendant or other person. The act, by whomever done, was a wicked, malicious and criminal act, subjecting the offender to criminal punishment. The engine was put in charge of McFarland, and it is conceded that he did not set it in motion. Whoever did put the engine on the south-bound track and start it north, whether an employee or not, did an act in violation of the rules of the company without authority (because McFarland only had, at that time, authority over the engine), and if an employee not in the discharge of, or in the line of, his duty as employee, but outside of it.

The general rule is well settled that if a servant misconducts himself in the course of his employment, his acts are the acts of his master, who must answer for them, even if the acts are willful and malicious. But if a servant goes outside of his employment and without regard to his service, acting with malice or in order to effect some purpose of his own, wantonly causes damage to another the master is not liable. (*Mott* v. *Consumers' Ice Co.*, 73 N. Y., 547, 548; *Rounds* v. *Del. Lack. and W. R. R. Co.*, 64 id., 136; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id., 122.) If an employee of defendant moved the engine, he was not acting for defendant; he was not doing an act within his employment, or that he had a right to do, but he was committing a most heinous crime. As to that the relation of master and servant did not exist between defendant and him. Hence we think that, assuming the engine was moved by some person from where it was placed by defendant, such act was a theft of the engine, a criminal act, and, whether done by an employee of defendant or other person, the defendant is not responsible therefor. The person committing such a crime did not, in doing it, act as the agent of defendant. If the injury sued for was caused by said act, the defendant is not liable therefor.

We think, therefore, that as it appeared, or the jury were authorized to find, that the engine was moved south to the main track, and then north, by some employee of defendant or other person maliciously, the defendant was entitled to have the jury instructed that

if the engine was maliciously started by one of defendant's employees, other than McFarland, the defendant was not liable. Also, that the exception to the charge of the judge to the jury, that if the person who committed the act was an employee of the company, whether the act was done carelessly or willfully, the defendant was not relieved of liability, was well taken, and hence that there should be a new trial unless the position taken by plaintiff, and next considered, is correct.

The plaintiff contends that, conceding the engine was moved maliciously by an employee of the defendant or other person, yet the negligent act of the defendant in leaving where it was, a dangerous machine with fire in it, and without an attendant, was one of the concurring or proximate causes of the injury to the plaintiff, and hence that plaintiff was entitled to recover.

In *Williams* v. *Delaware Lackawanna and Western Railroad Company* (39 Hun, 434) it is stated that "to entitle the plaintiff to recover upon the ground that defendant was guilty of negligence, in not furnishing a sufficient number of brakemen, it was incumbent on the plaintiff to show that his injury was the result of such negligence; that it was the natural and probable consequence of the defendant's omission, and that the accident would not have happened but for such omission." Wharton says : " Supposing that if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff. Is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action." (Wharton's Law of Negligence, § 134.) The negligent act which is the proximate cause of the injury is an act which naturally and probably would produce it. (*Kerrigan* v. *Hart*, 40 Hun, 390, 391 ; *Williams Case, supra; Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y., 210 ; *Lowery* v. *Manhattan Ry. Co.*, 99 id., 158 ; *Pollett* v. *Long*, 56 id., 200 ; *Hofnagle* v. *N. Y. C. and H. R. R. R. Co.*, 55 id., 608.) That is, where the negligent act is the cause of the injury and where there is no intervening agency affecting or changing the operation of the primal cause. (*Reiper* v. *Nichols*, 31 Hun, 495.)

The injury to plaintiff, for which this action is brought, was not

caused by the neglect of the defendant in leaving its car on the track. The injury was not the natural or ordinary result of such an act. It could not have been foreseen. Between the alleged negligence of defendant and the accident intervened a willful, malicious and criminal act of a third person, which caused the injury and broke the connection between defendant's negligence and the accident. In fact, some person stole defendant's engine and sent it flying up the track, and this wicked criminal act was the cause of the injury to the plaintiff, and defendant's act in leaving the engine where the criminal could start it was in no sense the proximate cause of the injury, or an act which ordinarily or naturally could have produced it.

Plaintiff has called our attention to a large number of cases bearing on the question discussed. We have examined those cases and do not think that any of them are quite parallel to this case. None of them held that where, between the negligent act and the injury, there intervened a willful, malicious and criminal act, which was the immediate cause of the injury, and where the injury was not the ordinary or probable result of the negligence complained of, and could not have been foreseen, that such negligence is the proximate cause of the injury.

In the cases cited by plaintiff it will be found that the injury was the natural, probable or direct result of the negligent act. In the *Cohen Case* (113 N. Y., 532) the injury was the direct result of the wrongful act of the city of New York, in allowing a person to keep a nuisance in the street. In *Lane* v. *Atlantic Works* (111 Mass., 136) the court put the decision on the ground " that the original negligence still remains a culpable and direct cause of the injury. *The test is to be found in the probable injurious consequences which were to be anticipated.* In *Illidge* v. *Goodwin* (5 Carr. & P., 190) a horse and cart were left in the street without an attendant. A wrong-doer struck the horse, started him, and he did the injury complained of. But a horse standing in the street is liable to run away. It may become restless or frightened, or be started by a wrong-doer. The injury in that case was the natural and ordinary consequence of the neglect shown and should have been foreseen. That case is very briefly reported. It does not appear whether the striking of the horse was merely a negligent striking or a willful act. If in that

case some one had taken the reins and driven the cart into another street, and started the horse on a run against another wagon on that street, the case would have been more like this.

The case before us (assuming that some person maliciously started the engine) might be deemed like that of a man who negligently left a loaded gun on his premises, accessible to the public, which some one took and with it injured another. Would the owner of the gun be liable for the injury? In *Binford* v. *Johnston* (82 Ind. 428) it was held that the fact that some agency intervened between the original negligence and the injury, did not preclude a recovery if the injury was the natural and probable result of the original wrong. In the *Lowery Case* (99 N. Y., 163) it was held, although the act of the driver intervened between the negligence of the defendant and the injury, that the act of the driver, in view of the exigencies of the case, whether prudent or otherwise, may well be considered as a continuation of the original act which was caused by the neglect of defendant. In the " Squib " case the intermediate parties were held to have acted mechanically in a sudden, convulsive act, so that the injury was in fact deemed, caused by the original negligent act of the defendant. So we think that all the cases cited by the plaintiff will be found to differ from the case we are considering in the regard above suggested.

We think there should be a new trial. If such a state of facts appear on the retrial that the jury would be authorized to find that the engine *started itself*, without being set in motion by any human agency, found its way on to the main track and thus caused the accident, we think the case would properly be submitted to the jury. Should it appear, however, that some wrong-doer criminally placed the engine on the south-bound track and started it northward, we are of the opinion that the defendant could not be held liable. In that case defendant could not be deemed negligent as to the plaintiff.

The judgment should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., concurred.

LANDON, J. (dissenting):

The case of *Lane* v. *Atlantic Works* (111 Mass., 136), states very clearly the propositions governing this case. The injury must be

the direct result of the misconduct charged, but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended. The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrong-doer, if such act ought to have been foreseen. Practical knowledge and experience are required for the determination of the question whether some such injurious interference and result ought to have been apprehended, and the verdict of the jury usually determines this question. Here the jury have answered the questions involved as follows: When the engine was abandoned it was reasonable to apprehend that some weak or wicked person would be tempted to set it in motion. A jury of railroad superintendents would probably concur in that conclusion. If thus set in motion, injury was to be apprehended to whatever persons or property might then happen to be exposed. The plaintiff was exposed and, therefore, injured.

I advise an affirmance of the judgment.

Judgment reversed, new trial granted, costs to abide event.