# Crowley *v.* City of West End *et al.*

*Action for Damages for Personal Injury.*

(Decided March 2, 1907.   43 So. Rep. 359.)

*Municipal Corporations; Negligence; Personal Injury;; Proximate Cause; Complaint.*—A complaint is insufficient which alleges that defendant negligently permitted a large body of water to collect in a highway; that plaintiff's horse fell in the water and that to save him plaintiff was compelled to

[Crowley v. City of West End, et al.]

get out into the water to unhitch the horse so as to enable him to get up, and that while doing so the horse knocked plaintiff down into the water; that on arising plaintiff was compelled to remain standing in the water to re-hitch the horse, and as a result thereof he caught a severe cold, as such complaint shows that the defendant's negligence was not the proximate cause of the injury, and that the injury resulted from a subsequent intervening cause.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES FURGUSON.

Action by E. Lee Crowley against the city of West End and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The original complaint contained two counts, to which demurrers were interposed and sustained, whereupon he filed an amended complaint containing counts 3 and 4. It will suffice for this case to set out one of these counts, as they are all very similar: "Count 3. The plaintiff, E. Lee Crowley, claims of the defendant the sum of $1,500 damages, for this: That the defendants heretofore, to-wit, on and prior to the 16th day of January, 1905, unlawfully and negligently created, caused, maintained, permitted, or suffered a public nuisance in Jefferson county, Alabama, at the town or city of West End, and in or on and about what is known as Tuscaloosa avenue, at or near the junction of what is known and called as Walnut street with said avenue, in that the defendant negligently caused, suffered, created, or permitted a large pond of water to collect and stand or remain in, along, and across Tuscaloosa avenue, in that certain natural swag or low place of ground on or in and about said avenue at said place, which said water plaintiff avers from freeing caused an accumulation of ice to be in or upon said pond of water on said date, so that, while the plaintiff was exercising due care in traveling along said Tuscaloosa avenue, on his way from the city of Birmnigham to his home in the town of Brighton, in said county and state, in a vehicle or delivery wagon drawn by a horse delivering goods, wares, and merchandise to his customers living along said way, the horse, in passing

[Crowley v. City of West End, et al.]

along said avenue and wading through said pond, came
in contact with the ice, or the ice and water, so that he
fell in the ice and water in such a manner as that the
plaintiff, in order to get the horse up and save him, was
compelled to get out into the ice and water and un-
hitch the horse so he could get up, and while he was do-
ing so the horse, in his efforts to arise, shoved or
knocked the plaintiff down into the ice and water, and
fell on or against him, so that he was covered with
water, or ice and water, and that when he (plaintiff)
got up onto his feet he was compelled to remain stand-
ing in said pond to rehitch the horse to the vehicle be-
fore he could get out of the pond with the vehicle and
horse." It is further averred that he was injured and
suffered great inconvenience and other damages, had
to shiver with cold, his left knee and right hip were
greatly strained and made sore, that he had to borrow
clothes from a negro because the weather was freezing;
that he was greatly humiliated by having to go into the
presence of other people in that plight; that he took
cold and had to stay indoors several days; and that his
business suffered accordingly. It is also alleged that
the avenue is a public street or roadway for public
travel, and the main thoroughfare at or about the place
of the pond. It is further averred that he filed his
claim with the mayor and aldermen, asking for its al-
lowance, and that it was refused. Demurrers were in-
terposed: "(1) Because there was misjoinder of par-
ties defendant. (2) Because each count shows that the
alleged injuries were not the proximate consequence of
any conduct on the part of these defendants. (3) Be-
cause it shows affirmatively that the alleged injuries
were the proximate consequence of the plaintiff's own
negligence, and not the result of anything done by any
one of these defendants, and because it is not shown
that the claim was itemized or verified as required by
law, and because the true nature and character of the
claim is not set forth." These demurrers were sus-
tained, and, the plaintiff declining to plead further, a
judgment was rendered for defendants.

ESTES, JONES & WELCH, for appellant.—A person has the right to go upon the street in the ordinary way using ordinary care either by day or night with knowledge of the dangerous condition of the street and if he acts with reasonable precaution or prudence in doing so and was injured he is entitled to recover.—15 Am. Neg. Rep. 24; *City of Muncy v. Hey,* 18 Am. Neg. Rep. 53. An individual creating a nuisance in the city as well as the city authorizing or permitting it is liable and may be jointly held.—14 Am. Neg. Rep. 112. The acts of plaintiff in attempting to save his horse did not constitute contributory negligence or an intervening subsequent cause.—*Birmingham Ry., L. & P. Co. v. Hinton,* 141 Ala. 606; s. c. 40 South. 998; *Liming v. Ill. Cent. Ry. Co.,* 45 A. & E. R. R. Cases, 582; *Stickney v. Town of Maidstone,* 30 Vt. 738. It was the duty of plaintiff to have attempted to save his horse in order to render the damages to defendant as little as possible.—*G. P. R. R. Co. v. Fullerton,* 79 Ala. 302; 84 Ala. 183.

JOHN H. MILLER, and C. D. POWELL, for appellee.—Unless the tort be the proximate cause of the injury complained of there is no legal accountability.—*Milwaukee R. R. Co. v. Kellog,* 94 U. S. 469; 16 A. & E. Ency. of Law, 436; Wharton's Neg. § 75; Sherman & Redfield's Neg. § 739. The entire question of proximate cause and intervening, independent agencies is thoroughly discussed in the following cases: *W. Ry. of Ala. v. Mutch,* 97 Ala. 194; *Decatur C. W. & M. Co. v. Mahaffcy,* 128 Ala. 242; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 500.

ANDERSON, J.—"To constitute actionable negligence, there must be not only causal connection between the negligence complained of and the injury suffered, but the injury suffered must be by a natural and unbroken sequence—without intervening efficient cause—so that, but for the negligence of the defendant, the injury would not have occurred. It must not only be a cause, but it must be the proximate—that is, the direct and immediate, efficient—cause of the injury."—*West-*

*ern R. R. v. Mutch,* 97 Ala. 194, 11 South. 894, 21 L.
R. A. 316, 38 Am. St. Rep. 179; *M. & O. R. R. v. Christian Co.,* 146 Ala. 404, 41 South. 17; *Decatur Car Co.
v. Mahaffey,* 128 Ala. 242, 29 South. 646; Cooley on
Torts, § 69, Sherman & Red. on Neg. § 26; Wharton on
Neg. 26.    Each count of the complaint charges negligence to the defendant for permitting an accumulation
of water in the road, while the injury sustained is averred to have been caused by the action of the horse while
plaintiff was assisting him to get up, and which occurred after plaintiff had safely alighted from the wagon,
and was the result of a subsequent independent act of
the plaintiff.    The cases relied upon by the plaintiff
(*Birmingham R. R. v. Hinton,* reported in 141 Ala. 606,
37 South. 635, and again in 40 South. 988, and *Liming
v. Ill. Cen. R. R.,* 47 N. W. 66, 81 Iowa, 246), do not
benefit his complaint.    In each of said cases the injuries
sustained were burns from fires negligently started by
defendants.    Here the injury to the plaintiff was not
the proximate cause of the defendant's alleged negligence, but was the result of a subsequent intervening
cause.

The trial court properly sustained the demurrers to
the complaint, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ.,
concur.