# Mobile Light & Railroad Co. *v.* Bell.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 12, 1907.　45 So. Rep. 56.)

1._*Carriers; Passengers; Injury to Passenger; Pleading.*—The complaint charged the negligence of the conductor in signalling the motorman to go ahead while plaintiff was on the side board of the car preparatory to alighting, and that the proximate cause of the injury was the starting of the car by the motorman with a sudden jerk after being so signalled. Held, the count was subject to demurrer in failing to show that the conductor's signal to the motorman to go ahead

was the proximate cause of the injury, or that the starting of the car by the motorman with a sudden jerk was the proximate cause of the injury.

2. *Amendment; Limitation; Commencement of Action.*—Where the amended count complained of the matters and things complained of in the original suit, which was filed within the statutory period, a demurrer to a plea of the statute of limitation filed to the amended count, was properly sustained although the amended count was not filed within the time for commencing the action.

APPEAL from Mobile Circuit Court.

Heard before Hon. Samuel B. BROWNE.

Action by Robert F. Bell against the Mobile Light & Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Action for damages for injuries in being thrown from a car by a sudden jerk. The allegations of the second count of the complaint are sufficiently set forth in the opinion. The fourth ground of demurrer thereto is as follows: "Because it does not appear from the said complaint that the alleged injury was the proximate cause of the act of the conductor in giving the motorman the signal to go ahead, nor does it appear from said count that the alleged sudden jerk of the car was the proximate cause of any act of negligence." The original count was filed on the 26th of July, 1905, and alleged the act of negligence to have been committed on August 1, 1904. The third count of the complaint was filed on February 28, 1906, and was a count in simple negligence, with general allegations. There was judgment for plaintiff for $2,750, from which this appeal is prosecuted.

GREGORY L. & H. T. SMITH, for appellant. The court erred in sustaining demurrer to the plea of the statute of limitations. The court could not even look at the filing on the back of the complaint for the purpose of ascertaining whether the original complaint was filed

within the time prescribed by the statute of limitations or not.—*Dodge, et al. v. McKay, et al.*, 4 Ala. 343; *Steamboat Farmer, v. McGraw*, 31 Ala. 695. The question of the statute of limitations cannot be presented by demurrer, unless it is apparent on the face of the pleading that the bar is complete, hence, it must be pleaded. —*Huntsville v. Ewing*, 116 Ala. 576; *Norton v. Kumpe*, 121 Ala. 446; *Balling v. Jones*, 67 Ala. 508; *Hess v. Ry. Co.*, 66 Ala. 472. The 3rd and 4th grounds of demurrer to the 4th count should have been sustained. The court erred in overruling appellant's objection to questions propounded by plaintiff concerning the earning capacity of plaintiff.—*R. R. Co. v. Warborough*, 85 Ala. 242; *Nave v. A. G. S. R. R. Co.*, 96 Ala. 262; *Watson v. Kirby*, 112 Ala. 446; 87 Ala. 727; 78 Ala. 389; 94 Ala. 626; · 97 Ala. 672; 75 Ala. 389; 69 Ala. 373; 62 Ala. 267. The court erred in giving charge 3 for plaintiff.—*McGhee v. Cashin*, 130 Ala. 561; *R. R. Co. v. King*, 81 Ala. 177; *Schloss v. L. & N. R. R. Co.*, 100 Ala. 387; *L. & N. R. R. Co. v. Kelton*, 112 Ala. 537; *Bryant v. Southern Ry. Co.*, 137 Ala. 493.

J. M. Foster, and N. R. Clark, for appellee. The demurrers to the second count were not well taken. The count set up a good cause of action.—*Watkins v. Birmingham Ry. & E. Co.*, 120 Ala. 147; *C. B.* 108 Ala. 233; *H. A. R. Co. v. Burt*, 92 Ala. 291; *Mont. R. R. v. Stewart*, 91 Ala. 421; *B. R. Co. v. James*, 121 Ala. 120.

If the plea of the Statute of Limitation is filed to a count of the complaint introduced by way of amendment, a demurrer to such plea will be sustained, if it appear from the amended complaint that the amendment is but a different mode of stating the same matter as is stated in the original complaint.—13 Encyclopedia

of Pleading and Practice, 232. If error is committed by allowing the introduction of irrelevant or immaterial evidence, the error is cured by instructions to the jury to disregard such evidence.—*Florey v. Florey,* 24 Ala. 241; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45. A physician who attends a patient professionally may testify that the patient's disability resulted from injuries received by him.—*Rowell v. Lowell,* 77 Mass. 420; *German v. Rapid Transit Co.,* 13 N. Y. Supp. 897. A chrage which is a repetition of charges already given at the request of a party may be refused.—*Railroad Co. v. Burgess,* 116 Ala. 509. Mental anguish, loss of earning capacity and physical disability and inconvenience are elements of damage in the case.—*Bay Shore R. R. Co. v. Harris,* 67 Ala. 6; *A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45.

ANDERSON, J.—The negligence charged in the second count of the complaint was the act of the conductor in signaling the motorman to go ahead while the plaintiff was on the sideboard or step preparatory to alighting. The proximate cause of the injury is averred as being due to the fact that the motorman, after being so signaled, caused the car to go ahead at increased speed "with a sudden jerk." The complaint does not aver that the conductor signaled the motorman to start or increase the speed of the car with a sudden jerk. Therefore the order of the conductor, even if negligently given, is not charged as the proximate cause of the fall. On the other hand, the mere charge that the motorman increased the speed of the car with a sudden jerk does not impute negligence to him. The jerk may not have been due to the negligence of the motorman; but, if it was, it is not so charged. Moreover, there is no averment that the motorman knew of the plaintiff's position on

the car when he increased the speed and caused the jerk. It is not every increase of speed or sudden jerk of a car that amounts to negligence. The conductor may have been guilty of negligence in signaling the motorman to go ahead; but his act in giving said signal is not charged as the proximate cause of the injury. Nor does the complaint charge that the act or means which was the proximate cause of the injury was negligently done or produced. The second count was bad, and was subject to the fourth ground of demurrer interposed thereto, and the trial court erred in not sustaining the same.—*Crowley v. West End,* 149 Ala. 613, 43 South. 359; *Western R. R. v. Mutch,* 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179.

If it was the purpose of the defendant, by its plea of the statute of limitations of one year to the third count, to raise the question as to whether the cause of action as alleged in said amended count was within the lis pendens of the original complaint, then the sustaining of the demurrer to said plea was clearly without injury; and this for the obvious reason that it is apparent, from an examination of the amended count and those of the original complaint, that the matters complained of in each relate to the same cause of action, and it was in no sense a departure.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J.; and SIMPSON and DENSON. JJ., concur.