# Birmingham Railway L. & Power Co. v. Parker.

*Action for Injury to Passenger While Alighting.*

(Decided May 14, 1908.   Rehearing denied July 3, 1908.
47 South. 138.)

*Carriers; Passengers; Injuries; Complaint; Negligence.*—It is not every increase in the speed of the car, or the starting of the same, whether with or without a jerk that is negligence, and hence, a complaint founded on that cause should allege that it was negligently done, and is demurrable if it fails to do so.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Mrs. Ada Parker against the Birmingham Railway Light & Power Company, for injuries sustained in alighting from a car alleged to have been caused by the sudden increase in speed of the car by starting the same off with a sudden jerk. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLY & MORROW, for appellant. No brief came to the Reporter.

BOWMAN, HARSH & BEDDOW, for appellee. No brief came to the Reporter.

ANDERSON, J.—It is not every increase in the speed of a car, or starting of same, whether with or without a jerk, that amounts to negligence.—*Mobile Light & R. R. Co. v. Bell,* 153 Ala. 90, 45 South. 56. The complaint, in order to charge a breach of duty, should aver that the starting, increase of speed, or jerk was negligently made or caused by the servants of defendant, else the acts or omission should be such as to amount to negligence from the facts disclosed in the complaint. The first count of the complaint avers that the plaintiff was a passenger, etc., "was waiting to alight, or engaged in or about alighting therefrom, at or near Seventh street, in or near said Birmingham, said car was started or jerked, or the speed thereof suddenly increased, and as a proximate consequence plaintiff was thrown," etc. The complaint does not charge a knowledge on the part of defendant's servants, who were handling the car, of the plaintiff's attempt to alight, or of her position on the car, nor any other facts from which negligence could be imputed. There is no averment that plaintiff gave any one notice of her desire or intention to alight at or near Seventh street, or that it was customary for people to alight at that point, regardless of notifying the servants of their intention, or that it was the duty of the car to stop at that point for people to alight, whether notified to do so or not. It might be that the car slowed up just before reaching this street in anticipation of stopping if receiving a warning. It would not, therefore, be negligence to increase the speed if no warning was given, unless the servants knew that some one was attempting to alight. Again, the servants in charge may have received no signal to stop, but may

have checked the speed of the car near the street in anticipation of a signal, and, having received none, before striking the street crossing, increased the speed in order to avoid a collision, or for some other reasonable purpose, and with no notice that the plaintiff was about to or attempting to alight. It is true the complaint concludes with the averment that "by reason and as a proximate consequence of the negligence of defendant in or about carrying plaintiff as its passenger as aforesaid"; but this is no independent charge that the act complained of was negligently done, but merely ascribes the thing done as "aforesaid" (the negligence consisting in the things aforesaid) to be the proximate cause of the plaintiff's injury.

The trial court erred in not sustaining the demurrer to the first count of the complaint. Indeed, it is doubtful if the complaint sets out a cause of action that would support a verdict. The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.