(75 South. 996)

KILGORE v. BIRMINGHAM RY., LIGHT & POWER CO.   (6 Div. 556.)

(Supreme Court of Alabama.   May 31, 1917.)

1. APPEAL AND ERROR ⬤══656(1)—REVIEW — ERROR IN TRANSCRIPT—CORRECTION.

It is bad practice to correct a transcript in pencil, particularly where an omission has been made that is not self-correcting; and the appellate court, in the absence of agreement of counsel or effected correction of the transcript by certiorari, can consider only the transcript certified by the clerk, except where the imperfection is clerical merely.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826, 2828.]

2. STREET RAILROADS ⬤══112(1)—NEGLIGENCE —PRESUMPTION—USE OF HEADLIGHT.

As it is the office of headlights to give light ahead, it cannot be assumed that, although a headlight casts rays that may or will blind the vision of a person looking directly toward it, or interfere with a view back of the point of the headlight's location, the use, under ordinary circumstances, of such an agency, however powerful, is negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 227, 228.]

3. STREET RAILROADS ⬤══110(1)—NEGLIGENT USE OF HEADLIGHT—PLEADING.

Since, under ordinary circumstances, it is not a breach of duty to pedestrians or other travelers in public streets to use headlights on vehicles moving along or over public thoroughfares, if plaintiff would state a cause of action for damages resulting from the use of a headlight, he must aver such facts as disclose a duty in the premises, and a breach thereof, to his proximately resulting injury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 224.]

4. PLEADING ⬤══8(17) — CONCLUSION — NEGLIGENCE.

In an action against a street railroad for injuries received when plaintiff was struck by an automobile, alleged to have been proximately caused by the negligence of defendant in using such a powerful headlight on its car that the plaintiff and the automobile driver were blinded immediately preceding the accident, an allegation that the motorman negligently threw the headlight along a street is but a conclusion of the pleader, even when taken with a further allegation that the motorman knew that his rays would likely or probably blind people using the street.

5. PLEADING ⬤══192(3)—DEMURRER—GROUNDS —CONCLUSIONS.

As only through the allegation of a conclusion of the pleader that the motorman negligently threw the headlight along the avenue was a duty in the premises averred, a demurrer taking objection on such ground should have been sustained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 411.]

6. STREET RAILROADS ⬤══102(1)—INJURY TO PEDESTRIAN — PROXIMATE CAUSE — USE OF HEADLIGHTS.

Where the headlight of a street car blinded a pedestrian and driver of an automobile, and injuries to pedestrian resulted from a collision with the automobile, negligence will be attributable to the driver of the automobile, unless the collision was so immediate upon the blinding effect of the rays of the headlight that the driver of the automobile had no adequate opportunity to stop his machine before striking the pedestrian, or to avoid a collision.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 186, 194, 200, 203.]

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Action by Katherine Kilgore against the Birmingham Railway, Light & Power Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles A. Calhoun and John T. Glover, both of Birmingham, for appellant. Tillman, Bradley & Morrow and L. C. Leadbeater, all of Birmingham, for appellee.

McCLELLAN, J.   Count A of the amended complaint was this:

"Count A. Plaintiff, who is a minor and sues by her next friend, W. C. Kilgore, claims of the defendant the sum of $5,000 as damages, for that heretofore, to wit, on the 12th day of March, 1916, defendant was operating a street car line along Eleventh Avenue South, in the city of Birmingham, Jefferson county, Alabama, known as the Avenue B Loop Line, and plaintiff was attempting to cross Eleventh avenue at the intersection of Sixteenth street, when the servant or agent of the defendant in charge of a motor car on said Avenue B Loop Line, in approaching Sixteenth street from the west, threw a glaring electric headlight east along said street, so that the plaintiff was blinded by said headlight, and a jitney bus in the charge and control of one Curtis Gordon, coming along Eleventh avenue from the east and approaching Sixteenth street at the same time struck plaintiff, and her right arm and right leg were badly sprained, and she was severely bruised in many places on her body and limbs, and plaintiff was made to suffer great mental and physical pain and anguish in consequence of her said injuries.

"Plaintiff avers that her said injuries were proximately caused by reason of negligence of the defendant in this: That the servant or agent of the defendant, having the charge and control of said motor car, while acting in the line and scope of his employment as such, knowing that a powerful electric headlight on

---

⬤══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the front of said electric motor car [which was approaching] along said street or public highway which would likely or probably blind pedestrians and automobile drivers passing along said highway, so that they could not see, negligently threw said electric headlight on and along said highway just as plaintiff was crossing said street and said jitney bus was approaching her, and so blinded her and the said Curtis Gordon, the driver of said bus, that neither saw the other, and she was struck by said automobile as aforesaid as a direct and proximate consequence of said negligent act of defendant's said servant or agent at said time and place."

[1] The words inclosed in brackets in the count appear in pencil in the transcript at that point. This is a bad practice, particularly where an omission has occurred that is not self-correcting. The court, in the absence of agreement of counsel or effected correction of the transcript through certiorari, can properly consider only the transcript certified by the clerk, except in those cases where the imperfection is clerical merely. In this instance, the bracketed words, whether they were in fact in count A as filed or not, makes no difference in the factors constituting the issues of law raised by the demurrer and to be reviewed on this appeal. It may be noted, by the way, as it were, that the respective postures of the plaintiff, the jitney bus, and the defendant's street car, as they were respectively related just before and at the time the jitney ran against the plaintiff, were such that plaintiff, a pedestrian, was moving at right angles to the rays of light cast by the headlight of the street car, and was, hence, not facing the headlight described in the count, and that the jitney driver was operating his bus toward, facing the rays of light cast by the headlight of the street car. It is manifest from these relative situations that plaintiff could not have been "blinded" by the rays of the headlight of the street car, so as to have prevented the *plaintiff's* seeing the approaching jitney; since if the plaintiff had looked toward the east—from which direction the jitney was approaching the intersection of Eleventh avenue and Sixteenth street—the plaintiff's line of vision would hae been *away* from the headlight and *with,* not against, its rays along Eleventh avenue.

[2, 3] It is to be observed that the count A does not charge negligence with respect to the use of a defective headlight, or to the general practice of using this headlight. It does not assert that the use of a headlight of this character was an act of negligence. Since it is the office of headlights to give light ahead, it cannot be assumed that—though a headlight by reason of the brilliant rays it casts may or will blind the vision of a person looking directly toward it, or interfere with a view back of the point of the headlight's location—the use, under ordinary circumstances, of such an agency, however powerful, is negligence. As we interpret the count, it would predicate a charge of negli-

gence upon the use of this headlight in the particular circumstances described in the count. Since, under ordinary circumstances, it is not a breach of duty to pedestrians or other travelers in public streets to use headlights on vehicles moving along or over public thoroughfares, a plaintiff, who would state a cause of action on account of the use of a headlight, must aver such facts as disclose a duty in the premises, and a breach thereof, to his proximately resulting injury.

[4, 5] The allegation that the motorman "negligently" threw the headlight along the avenue is but a conclusion of the pleader, even when allied with the further allegation that the motorman knew that its rays would likely or probably "blind" people using the avenue and street or either; it being affirmed in the count that the sole means of her injury was a collision between the jitney bus and the plaintiff. Otherwise than through the possibility of an inference, consistent with a duty not to blind these travelers while they were on the street or avenue, imported by the affirmation that the headlight was "negligently" thrown, there is nothing in the count upon which to rest the legal conclusion the pleader assumes to deduce, viz. that a duty existed not to use a headlight that would likely or probably "blind" the bus driver and the plaintiff then moving over these public thoroughfares. What this pleader would characterize as negligence is not justified by the facts averred; because what is averred discloses no duty, with respect to this plaintiff or this bus driver, that could, under the circumstances disclosed, be breached. It has long been accepted in this jurisdiction that the efficient averment in pleading of essential elements of a good cause of action cannot be permitted to lie in inference merely. It results that the grounds of demurrer taking the objection that only through the allegation of a conclusion of the pleader was a duty in the premises averred were due to be sustained.

[6] The trial court was also justified in sustaining the demurrer to count A on the score that the averments of the count disclose no causal connection between the use of this headlight, on this occasion, and the collision of the jitney bus with the plaintiff. If negligence was the proximate cause of plaintiff's injury in the manner described in the count, it was attributable to the driver of the bus, unless it is assumed (for it is not averred) that the collision was so immediate upon the blinding effect of the rays of the headlight that the driver of the bus had no adequate opportunity to stop his machine before striking plaintiff, or to avoid a collision with the plaintiff. There is no averment indicating even the relation, as respects distance, between the jitney bus and the plaintiff at the time the headlight "blinded" the driver of the jitney bus. Non constat they may have been widely separated, so that

the efficient, proximate cause of the collision was the driver's fault in allowing his machine to continue its movement over a public street when he was unable to see pedestrians lawfully using the thoroughfare in time to avert their injury by the prompt exercise of proper, skillful care and diligence.

The case of Lowery v. Manhattan R. Co., 99 N. Y. 158, 1 N. E. 608, 52 Am. Rep. 12, mainly relied on in the brief for appellant to sustain the count against the objection last stated, has been carefully considered. It is without application in this instance. There the wrongful act, the negligence committed, was in allowing fire from its elevated locomotive to fall on an animal being lawfully driven along a public street below; the animal was thereby hurt or frightened and became unmanageable on being suddenly frightened or pained by the fire; the driver undertook to stop the animal by heading it into the curb, where the plaintiff was hit. In that case the initial act was wrongful, a breach of duty in the premises; and subsequent happenings were attributable, directly and without the intervention of another cause, to that wrongful cause. Here the count's averments do not even relate the acts of using the headlight, with its known capacity to probably blind travelers on the street, to the jitney's collision with plaintiff, to which alone plaintiff's injury can be ascribed. The principle underlying the Lowery Case, supra, was taken due account of in Crowley v. West End, 149 Ala. 613, 43 South. 359, 10 L. R. A. (N. S.) 801; McLemore v. West End, 159 Ala. 235, 48 South. 663; Decatur Waterworks v. Foster, 161 Ala. 176, 49 South. 759.

There could be no serious contention for error in sustaining the demurrer to the other counts.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.