42 So.2d 604

**LANCASTER et al. v. JOHNSON.**

**8 Div. 770.**

Court of Appeals of Alabama.

Nov. 1, 1949.

638

Williams & Williams and Wm. Stell, all of Russellville, for appellants.

Guin & Guin, of Russellville, for appellee.

HARWOOD, Judge.

The plaintiff sued J. B. Martin, Jr., and J. B. Martin, doing business as the "J. B. Martin Cedar Company," and J. B. Martin, claiming damages growing out of a collision between a truck driven by J. B. Martin, Jr., and plaintiff's tractor. J. B. Martin is also referred to as J. B. Martin, Sr.

The defendant pleaded the general issue, and also contributory negligence in that the trailer attached to plaintiff's tractor at the time of the collision did not exhibit any light on its rear.

The verdict of the jury was in favor of the plaintiff, and damages assessed at $600.00, "against both J. B. Martin, Jr., and J. B. Martin, Sr."

Judgment was entered accordingly, and defendant's motion for a new trial being overruled, appeal was perfected to this court.

J. B. Martin, Sr. having died since the rendition of the judgment the cause was revived as to this defendant in the name of B. M. Lancaster, as administrator of the estate of J. B. Martin, Sr.

The undisputed evidence shows that on November 28, 1947 the plaintiff, at about 5:30 P.M. was driving his tractor down a highway in Franklin County, pulling a trailer loaded with cotton. The defendant, driving a truck, approached from the rear. As he attempted to pass the tractor and trailer he collided with a third car, driven by Miss Nora Brewer, and coming in the opposite direction, and also collided with the tractor, knocking it over.

Miss Brewer, a witness for the plaintiff, gave the following account of the collision:

"I was meeting these two trucks, when suddenly the truck behind—I thought he had stopped suddenly, swerved from behind the trailer of the tractor and came head on into my car. I swerved all I could to the right, but the bed of his truck evidently hit the door of my car on my side. It ripped through to the back of the car. Then I heard another noise—"

As soon as it was determined that the plaintiff was not hurt Miss Brewer asked J. B. Johnson, Jr. whose truck it was, and over the objection of the defendant J. B. Martin, Sr., she stated that Martin, Jr. replied that it was his father's, but that he was driving it.

The record then shows the following questions and answers, without any objections being interposed thereto, though a motion to exclude was later made:

"Q. He said it belonged to his father and he was driving it for his father. A. Yes sir.

"Q. That is what he told you? A. Yes sir.

"Q. Did he tell you at the same time in the same conversation what business his father was in? A. Yes, he said he had a cedar mill near Newburg.

"Q. Did he tell you how many trucks his father operated at the mill in that same conversation? A. I don't remember if it was the same conversation, but during the evening, during the hour we waited, he did say his father had three trucks.

"Q. And he was driving this one? A. Yes sir.

"Defendant moved to exclude all the testimony as far as J. B. Martin, Sr. is concerned as not binding on him as he was not present and what the boy said could not bind J. B. Martin, Sr.

"For the present court overruled objection. Defendant excepted."

According to Miss Brewer Martin's truck was heavily loaded, "The sides were built up of cedar lumber and the truck seemed to be loaded with cedar stove wood."

Miss Brewer further testified that the tractor had four headlights burning brightly when she met it.

Tom Mansell, a witness for the plaintiff, testified that he had helped the defendant wire a flash light to the back of the trailer that plaintiff was pulling with the tractor, and when he last saw the plaintiff the flash light was burning.

A flash light was found at the scene of the collision the next morning by Gene Bolton. The plaintiff testified that the lights on the tractor and the trailer in the rear were burning when the wreck occurred. On cross examination he stated he did not know at the time of the wreck whether the flash light was burning, though it still burned when recovered after the collision.

Mr. Gray, a witness for the plaintiff, testified that he saw the truck coming before the accident, and as to its speed he testified as follows:

"Q. Was he coming fast or slowly? A. Pretty fast I call it.

"Q. Did you ever ride in a truck? A. Yes sir, I rode in a truck a good bit.

"Q. Have you any judgment how fast the truck was traveling? A. No, I have no judgment. But I know he was driving faster than what a truck ought to on a highway."

The tendency of the evidence presented by the defendant was to the effect that he did not see the tractor and trailer until close upon it, as no light of any sort was displayed or lit on the trailer, and in an effort to avoid hitting same he attempted to drive around it, and collided with Miss Brewer's oncoming car, and with the tractor.

Further evidence, including documentary evidence, was introduced by the defense tending to show that the truck was owned by J. B. Martin Jr., and that at the time of the collision J. B. Martin, Jr. was not in anywise acting as agent for his father, but was solely engaged in business of his own.

The above outline of the evidence, while not inclusive, is we think sufficient for the purpose of review in light of the assignments of error argued in appellant's brief.

■ A number of assignments of error have not been argued in appellant's brief. We therefore pretermit consideration of these assignments. Supreme Court Rule 10, Code 1940, Tit. 7 Appendix.

■ Assignments 1, 2, 3, and 4 as to B. M. Lancaster, as administrator of the estate of J. B. Martin, Sr., are grouped for argument in appellant's brief. If any of such assignments are without merit, the remaining will not be considered. Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784; Norwood Hospital v. Howton, 32 Ala.App. 375, 26 So.2d 427; Ray v. Terry, 32 Ala. App. 582, 28 So.2d 916, certiorari dismissed, 248 Ala. 640, 28 So.2d 918; Cosby-Hodges Milling Co. v. Nance, 33 Ala.App. 48, 29 So.2d 575.

These assignments, 1, 2, 3, and 4, are directed toward alleged errors of the court in overruling defendant J. B. Martin, Sr's. objections to questions addressed to Miss Brewer relative to statements made by J. B. Martin, Jr. immediately after the collision, or in overruling his motion to exclude such testimony.

Assignment of error 4, of this group, supra, is as follows:

"The court erred in not excluding the following on motion of J. B. Martin, Sr.:

"Q. He said it belonged to his father and he was driving it for his father. A. Yes sir.

"Q. That is what he told you? A. Yes sir.

"Q. Did he tell you at the same time in the same conversation what business his father was in? A. Yes, he said he had a cedar mill near Newburg.

"Q. Did he tell you how many trucks his father operated at the mill in that same conversation? A. I don't remember if it was the same conversation, but during the evening, during the hour we waited, he did say his father had three trucks.

"Q. And he was driving this one? A. Yes sir.

"Defendant moved to exclude all the testimony as far as J. B. Martin, Sr. is concerned as not binding on him as he was not present and what the boy said could not bind J. B. Martin, Sr. for the present court overruled objection. Defendant excepted."

 It is apparent from the above assignment that the motion to exclude the above testimony was not made until after such testimony had been admitted without objection. Under such circumstances error will not be cast upon a trial court because of its ruling in the premises. See 18 Alabama Digest, Trial, ☞ 91 for innumerable cases enunciating such principle.

The remaining assignments of error argued in appellant's brief are directed toward the lower court's refusal of the general affirmative charge requested by each appellant, and to the court's refusal of the motion for a new trial made by each appellant respectively.

Appellant's counsel argues that since the appellee was not showing a red light on the rear of the trailer he was pulling with the tractor, display of such light being mandatory under Section 40(d), Title 36, Code of Alabama 1940, that such omission created a condition of concurrent negligence, if appellee were guilty of negligence, and that under such a situation both parties stand in pari delicto, and the law should leave them where it finds them.

In view of the facts disclosed by the record from which the jury could reasonably infer that the tractor had four headlights burning, and a lighted flash light wired to the rear of the trailer, that the roadway was straight for a considerable distance from the place of the collision, and that appellant was driving at an improper speed, presented, in our opinion, a question of fact for the jury's determination as to whether, even though the appellee may have been negligent in failing to have a rear red light on the trailer, appellant's conduct yet amounted to primary or subsequent negligence which was the proximate cause of the injury.

"If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last proximate cause, and refuse to trace it to that which was more remote." Williams v. Wicker, 235 Ala. 348, 179 So. 250, 252, and numerous cases therein cited.

It is our conclusion therefore that the lower court properly refused defendants' respective requests for the affirmative charge, and it is our further conclusion that in view of the facts developed that we would be unjustified in disturbing the lower court's ruling on the motions for a new trial filed by the respective defendants below.

Affirmed.