108 So.2d 342

Robert MORGAN, Jr.

v.

CITY OF TUSCALOOSA.

6 Div. 294.

Supreme Court of Alabama.

Jan. 15, 1959.

LeMaistre, Clement & Gewin and H. Vann Waldrop, Tuscaloosa, for appellant.

S. H. Sprott, E. D. McDuffie and John W. Finnell, Tuscaloosa, for appellee.

STAKELY, Justice.

The question for decision is whether the alleged acts of the City of Tuscaloosa were the proximate or remote cause of the death of the minor son of Robert Morgan, Jr. Robert Morgan, Jr. (appellant) brought this action in the Circuit Court of Tuscaloosa County against the City of Tuscaloosa (appellee), claiming damages for the death of his minor son, Robert Kenneth Morgan,

who was struck and killed by an automobile driven by a third party not connected with the defendant on a public street of the City of Tuscaloosa.

In all the plaintiff filed five counts in his complaint. The substance of each count is that the defendant, the City of Tuscaloosa, had negligently constructed a drainage sewer, which was too small or had negligently allowed the drainage sewer to become stopped up, causing water to back up or become impounded on a public street, that the driver of an automobile then being operated on the street ran into the water, causing the water to be splashed or sprayed on his windshield, blinding the driver or obstructing his vision and thereby causing the automobile to strike plaintiff's minor son, who was then and there a pedestrian walking in the street, and caused his death. In each count there is incorporated in the count the claim which was filed prior to the institution of the suit with the City of Tuscaloosa.

The defendant assigned twenty-one grounds of demurrer to the complaint and separately to each count thereof. Demurrers to the complaint and each count thereof were separately and severally sustained and plaintiff was granted a nonsuit with leave to appeal for and on account of the trial court's adverse ruling in sustaining the said demurrers.

■ As stated in Liberty National Life Insurance Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346, a demurrer is a single entity and if any ground is good, the demurrer should be sustained.

■ We think we can simplify the case by coming at once to the proposition on which the appellee rests as sustaining the action of the trial court. In other words, we are assuming without further discussion that a municipal corporation in the exercise of its statutory powers to construct and maintain a system of sewers and drains acts ministerially and damages proximately resulting from negligence in the construction or maintenance of sewers creates a liability

for which the city can be held liable. City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353; City of Birmingham v. Norwood, 23 Ala.App. 443, 126 So. 616, certiorari denied 220 Ala. 497, 126 So. 619.

However it is the earnest insistence of counsel for the appellee that the alleged acts of the City of Tuscaloosa in the instant case did no more than merely create the condition or give rise to the occasion of the impounded water in its street and after the condition had been created, an intervening agency produced the injury. In other words, the condition of the street was not the proximate cause of the death of the plaintiff's son but was at best a remote cause. In Liberty National Life Insurance Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 709, 61 A.L.R.2d 1346, this court said:

"Persons who perpetrate torts are, as a rule, responsible and only responsible for the proximate consequences of the wrongs they commit. In other words, unless the tort be the proximate cause of the injury complained of, there is no legal accountability. Our court has repeatedly dealt with and defined 'proximate cause.' * * * But there is very little use of reviewing our many cases where the question of proximate cause is involved. There are differences in almost every case, and ofttimes the case turns on a slight difference of facts. The general principles of law in relation thereto have been frequently stated and are not so difficult as is their application to the particular circumstances of each individual case."

■ It is true that the law will consider only the proximate cause and not a remote cause where there are two or more causes of injury. Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685; Williams v. Wicker, 235 Ala. 348, 179 So. 250; Western Ry. of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316; Lancaster v. Johnson, 34 Ala.App. 637, 42 So.2d 604; Liberty National Life Insurance Co. v. Weldon, supra.

■ It is also true that where a prior cause merely created the condition or gives rise to the occasion and after the condition has been created an intervening agency produced the injury, the first is not the proximate cause. Morgan-Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685; Louisville & N. R. Co. v. Maddox, 236 Ala. 594, 183 So. 849, 118 A.L.R. 1318; Western Railway of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316.

■ When the facts are such that reasonable men must draw the same conclusion, the question of proximate cause is one of law for the courts. City of Birmingham v. Latham, 230 Ala. 601, 162 So. 675; Louisville & N. R. Co. v. Courson, 234 Ala. 273, 174 So. 474; Kilgore v. Birmingham Ry. Light & Power Co., 200 Ala. 238, 75 So. 996; Crowley v. City of West End, 149 Ala. 613, 43 So. 359, 10 L.R.A.,N.S., 801; Sloss-Sheffield Steel & Iron Co. v. Wilkes, 236 Ala. 173, 181 So. 276; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Garrett v. Louisville & N. R. Co., 196 Ala. 52, 71 So. 685; Western Railway of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316.

■ Our cases also hold that where each count of the complaint shows on its face that some independent agency has intervened and has been the immediate cause of the injury, even though a party is guilty of negligence in the first instance, that party is not responsible and it is the duty of the trial court to sustain a demurrer to the complaint where the complaint and each count thereof shows on its face that an independent agency has intervened and has been the immediate cause of the injury. Kilgore v. Birmingham Ry. Light & Power Co., 200 Ala. 238, 75 So. 996; Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893.

■ In the case at bar the City of Tuscaloosa is alleged to have negligently constructed or negligently maintained a storm water sewer which caused water to stand in the street. It is our judgment that this condition alleged to have been created by the City of Tuscaloosa should be treated as merely a circumstance of the accident and not as a concurring proximate cause. When the driver of the automobile which struck the son of the appellant proceeded down Tenth Avenue, as alleged in the complaint, he was faced with a condition of the street, namely, water impounded thereon. The act of the driver in approaching the impounded water in the street and negligently driving into the same with such force as to cause the water to splash upon his windshield, obscuring his vision and causing him to run into the decedent, should be considered as the sole proximate cause of decedent's death. Authorities supra.

Upon a careful consideration we have concluded that the alleged acts of the City of Tuscaloosa in failing to build suitable drains or properly maintain the same, was nothing more than a remote cause of the accident. It clearly appears that after the condition had been created, an independent agency produced the injury. We do not consider that it could be known by common experience that the failure to properly construct or maintain a drain, as alleged, would cause water to back up in the street, that a car would run into the water, that the water would splash upon the windshield and blind the driver and thereby cause the driver to lose control of the car and strike a pedestrian then walking in the street or in the water alleged to have been impounded. It is our considered opinion that from the facts alleged in the complaint, reasonable men would conclude that the defect in the drain was not the proximate cause of the death of the appellant's son. Authorities supra.

■ We call attention to the case of Kilgore v. Birmingham Ry. Light & Power Co., 200 Ala. 238, 75 So. 996, 997, wherein the complaint alleged that the defendant, Birmingham Railway, Light & Power Company, negligently threw a bright headlight on the street, blinding plaintiff, who was a pedestrian, and the driver of a truck who

ran into plaintiff and injured her. In holding that there was no causal connection between the use of the headlight and the collision of the truck with the plaintiff, this Court said, "The averments of the count disclose no causal connection between the use of this headlight, on this occasion, and the collision of the jitney bus with the plaintiff."

In the case of Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893, 896, this court said:

"The other counts charge negligence. Without conceding that the counts, or any one of them, stated a case of actionable negligence, it may be said that, however negligent a person may have been in some particular respect, he is liable only to those who may have been injured by reason of such negligence, as the proximate cause. Where some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence, in the first instance, is not responsible. Alexander v. Town of New Castle, 115 Ind. 51, 17 N.E. 200. Of course, this pronouncement must be and is subject to the very just and wise limitation that if, at the time of the original negligence, the act of the independent agency could have been foreseen, the causal chain is not broken. Morgan Hill Paving Co. v. Fonville, supra; * * *

"But generally speaking, 'the proximate cause of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury.' * * *

"In the case of Mars v. President, etc., of Delaware & H. Cancal Co., 54 Hun. 625, 8 N.Y.S. 107, it was held that where the plaintiff was injured by a 'wildcat' engine negligently left unattended by the employee in charge, and started by some third person, the causal chain was broken by the act of the third person in starting the car.

"In Bowers v. Southern Railway Co., 10 Ga.App. 367, 73 S.E. 677, it was held that negligence of a railroad company in leaving a switch unlocked was not to be regarded as the proximate cause of an injury which ensued because a willful and conscious trespasser, by a criminal act, turned the switch, whereby the train was wrecked and a person injured."

We conclude that the court acted correctly in sustaining the demurrer to each count of the complaint.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.