BEATTY, Justice.
This is an appeal by plaintiff, Betty Tom-brello, as administratrix of the estate of Bobby Joe Tombrello, deceased, from a summary judgment in favor of the defendant, Allen Copeland. We reverse and remand.
On September 21, 1984, plaintiffs decedent, Bobby Joe, and defendant Copeland were travelling down Brookside-Coalburg Road in Jefferson County. Bobby Joe was driving Copeland’s truck, and Copeland was riding on the passenger’s side of the truck. The truck ran off the edge of the road and overturned down an embankment. Bobby Joe sustained serious injuries, from which he died.
Plaintiff filed this action against Copeland, alleging negligent entrustment of an automobile to an intoxicated driver, and negligence in causing the accident which resulted in Bobby Joe’s death. Copeland filed his answer to plaintiff’s complaint, stating, among other things, that Bobby Joe’s contributory negligence was the proximate cause of his death.
In due course, Copeland filed his motion for summary judgment, based upon the pleadings, answers to interrogatories filed by both parties, and his own affidavit. Plaintiff filed nothing in opposition to Copeland’s motion. The trial court granted Copeland’s motion for summary judgment and made the summary judgment final pursuant to Rule 54(b), A.R.CÍV.P. Plaintiff appeals. The issue on appeal is whether there is a scintilla of evidence to support plaintiff’s claims and thus preclude summary judgment.
At the outset, we note that, although Count I of plaintiff’s complaint alleged that the defendant’s negligent entrustment was the proximate cause of the accident which resulted in the death of plaintiff’s decedent, plaintiff does not argue in her brief that summary judgment was improper as to this claim. “When an appellant fails to argue an issue in its brief, that issue is waived.” Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982); Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875 (1972).
Plaintiff concedes that her decedent was driving while under the influence of alcohol. Nevertheless, she argues that there is at least a scintilla of evidence in the record that the intervening actions of the defendant were the proximate cause of the accident, rather than her decedent’s intoxication. Plaintiff states in her brief:
“Although, granted, Tombrello’s driving under the influence is a factor to be considered as to his contributory negligence, it will not be a complete bar to his recovery in light of Copeland’s subsequent intervening act of reaching over and jerking the steering wheel and interfering with the operation of the vehicle.”
In his affidavit, Copeland stated the following:
“I asked Bobby Joe Tombrello to slow down immediately before our vehicle began leaving the roadway. I don’t remember whether I tried to turn the steering wheel back to the left in order to get the vehicle back on the roadway. ... We came down a hill at a high rate of speed and when the roadway turned to the left our vehicle left the roadway from the right side of the roadway as we were going around the curve. One or both of us tried to get the vehicle to go back on the roadway, but instead it fell down the embankment and crashed.” (Emphasis added.)
Citing Morgan v. City of Tuscaloosa, 268 Ala. 493, 108 So.2d 342 (1959), plaintiff argues that Bobby Joe’s intoxication merely created the condition under which an accident may have occurred, but that, under defendant’s own affidavit since there is *1126 a scintilla of evidence that Copeland’s actions were an intervening agency that caused the accident, then proximate cause is a question for the jury. We agree.
We recognize the well-established principle of law “that a plaintiff in a negligence case cannot recover, notwithstanding that he may have proven negligence on the part of the defendant, where plaintiffs own negligence is shown by his or the defendant’s proof to have proximately contributed to his damage.” Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447 (1968).
Nevertheless, in this case, we must construe this evidence in a light most favorable to the plaintiff, the non-moving party, and on this record we cannot say, as a matter of law, that the negligence of the plaintiff’s decedent was the proximate cause of the accident. See Cooper v. Peturis, 384 So.2d 1087 (Ala.1980); Shores v. Terry, 285 Ala. 417, 232 So.2d 657 (1970); Dean v. Mayes, 274 Ala. 88, 145 So.2d 439 (1962). Compare Wilson v. Alabama Power Co., 495 So.2d 48 (Ala.1986), and Keller v. Kiedinger, 389 So.2d 129 (Ala.1980), in which summary judgments for defendants were upheld where the undisputed evidence established, as a matter of law, that plaintiffs’ contributory negligence was the proximate cause of each one’s injury-
Based on the foregoing, we hold that summary judgment was improper in this case. Accordingly, the judgment below is due to be, and it is hereby, reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, AL-MON and HOUSTON, JJ., concur.