## STATE v. LOUIS WITTLES.[1]

June 28, 1912.

Nos. 17,641—(5).

**City ordinance — protection against fire.**

To justify legislative interference with the property rights of the citizen in the interest of fire protection, and to prohibit him, without the special license or permit of the public authorities, from keeping upon his premises a certain kind or class of property, it should appear either that the property itself, by reason of its character, or the manner in which it is kept or used, is a source of danger and a fire menace.

**Ordinance unreasonable.**

An ordinance of the city of Minneapolis prohibiting, without special permit from the city council, the storing, piling, or placing of unused boxes, barrels, or other inflammable material "upon or in any place" within the city, without regard to quantity, place, or manner in which the material is kept or used, *held* unreasonable, arbitrary, and void.

In the municipal court of Minneapolis, defendant admitted he had wilfully, unlawfully and illegally stored, placed and kept at a

[1] Reported in 136 N. W. 883.

certain place within the city a quantity of boxes, barrels and similar inflammable materials, without having obtained a special permit from the city council, contrary to the ordinance of the city, pleaded not guilty, and attacked the ordinance upon which he was arrested upon the ground that it was unreasonable and unconstitutional. The matter was submitted upon briefs to Leary, J., who found defendant guilty. Defendant's motion for a new trial was denied. From the judgment finding defendant guilty and imposing upon him a fine of $25 or thirty days in the workhouse, he appealed. Reversed.

*Josiah E. Brill* and *Charles J. Traxler,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

BROWN, J.

Defendant was convicted by the municipal court of the city of Minneapolis of the violation of an ordinance of the city, and appealed from the judgment rendered against him.

It is contended that the ordinance under which the conviction was had is unreasonable, arbitrary, discriminatory, and therefore unconstitutional and void. We sustain this contention, and therefore refer to no other question in the case. The ordinance, so far as here material, is as follows:

"Section 1. No person, firm, or corporation, without a special permit therefor from the city council, shall hereafter store, pile, place, or keep upon or in any place within the city of Minneapolis, any empty or unused boxes, barrels, or other like receptacles, or any accumulation of similar inflammable materials."

Section 2 provides a penalty for a violation of section 1, and section 3 requires those having upon their premises within the city such inflammable materials at the date of the passage of the ordinance to abate the same within thirty days. The ordinance makes no provision for license or permit to be issued by the city clerk, reserving the right to issue the same to the city council.

The precise points made against the ordinance are: (1) That since it applies generally to all places within the city, including factories, stores, residences, and vacant or partly vacant lots, anywhere

within the boundaries of the city, it is unreasonable; and (2) that since it reserves to the council the power of discrimination as to persons to whom licenses or permits may be granted, and provides no terms or conditions upon which the same may be granted, it is arbitrary and void. We consider only the first of these contentions. The second would seem to be disposed of adversely to defendant by the case of State v. Schoenig, 72 Minn. 528, 75 N. W. 711.

There can be no serious question respecting the authority of the city council to enact and enforce ordinances designed to prevent fires, or the spreading thereof, and to that end may, within reasonable limits, prohibit persons from keeping upon their premises inflammable material, unless guarded and protected so far as practicable, to prevent fires originating therefrom, or from being the means of spreading fires started near the same. And ordinances enacted for the purpose must be sustained and upheld when not beyond the limits of reasonableness, when they do not unnecessarily invade the right of the citizen to maintain his premises in such manner as best conforms to the business conducted by him, the manner and method thereof not being of a character to endanger the property and rights of his neighbor, or the welfare of the community surrounding him. The charter fully grants such authority to the council. Under it, it might well be enacted that large quantities of inflammable material, such as old boxes, barrels, and similar articles likely to be set on fire by design or accident, be not piled or stored in any exposed place within the fire limits of the city, or the thickly settled parts thereof, or even within buildings in the congested part of the city.

But to justify legislative interference with property rights in the interest of fire protection and prohibit the citizen, without special permit, from keeping upon or within his premises any particular class or kind of property, it should appear either that the property itself, by reason of its character or the manner in which it is kept or used, is a menace to the public welfare. Legislation which goes beyond these limits and attempts to prohibit the accumulation of such material, regardless of quantity or its dangerous character, upon vacant lots or in buildings within any part of the city, including the private residence and adjacent barns and sheds, we think, exceeds the rule of reasonableness.

The ordinance in question does not confine the prohibited acts to any particular locality or the buildings in any particular part of the city, but covers and includes all buildings or places within the boundaries of the municipality. It reads that no person shall store or pile such material "upon or in any place" within the city. The expression "upon or in any place" necessarily includes vacant lots, stores, warehouses, factories, and residences, and requires of each person or occupant of any such place to obtain a special permit from the city council. It is a matter of common knowledge that almost every householder keeps stored away in the basement of his dwelling, or within a barn or shed upon his premises, old boxes, barrels, particles of wood, and other like material. The quantity varies in particular cases. A large supply may be kept on hand by one, and a small supply by another. A large supply of such material, either exposed or confined within a building, might be a fire menace in a particular locality, where a small supply, even though exposed, might be entirely without danger in another locality. The material so kept is ordinarily used for fuel, and is accumulated during the summer months. This does not constitute a fire menace, nor endanger the property of neighbors, nor it is likely under ordinary conditions accidentally to take fire and spread to the property of others.

No sound reason can be given for requiring the householder to procure a permit from the city council before taking upon or within his dwelling, shed, or barn his winter's supply of kindling wood. The ordinance by its broad language covers just such a case. Nor is it reasonable to require persons living in the outskirts of the city, or at places where no danger of fire can arise from the stored material, to procure such a permit. If the ordinance could properly be construed to exclude the private residence or the remote dweller, it might be sustained. But any such construction would be the mere arbitrary decision of the court, and amount in effect to a redrafting of the ordinance to make it conform to what, in the view of the court, the council ought originally to have made it. We conclude, therefore, that the ordinance should be declared unreasonable and void, leaving the council free to enact some other more specific and definite regulation in its place.

Judgment reversed.