## William P. Miller, Administrator, Appellee, v. Henley Eversole, Appellant.

1. AUTOMOBILES AND GARAGES, § 3*—*when instruction as to degree of care in driving automobile erroneous.* An instruction stating that the driver of an automobile is required to exercise a higher degree of care at a place in a street where school children are congregated at certain hours in the day than at a point where pedestrians are fewer and the travel limited, *held* erroneous and misleading as requiring defendant to exercise more than ordinary care.

2. EVIDENCE, § 78*—*res gestae.* In an action for injuries sustained by a boy being struck by an automobile while running after a wagon which was drawn by another automobile, testimony of the driver of the latter automobile that the boy with others was running by the side of his machine and trying to get on the running board and that he forbid them to get on his machine, *held* admissible as being immediately prior to the accident and so connected with it that it was a part of the occurrence.

3. EVIDENCE, § 436*—*when form of questions asked of expert witness objectionable.* In an action for injuries caused by being struck by defendant's automobile, a question was asked of witnesses who were operators of automobiles as to the distance in which an automobile similar to that of defendant's could be stopped. *Held*, that an objection was properly sustained to the question for the reason that the question should have described the machine so that the jury would know on what facts the answer was based.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

4.  INSTRUCTIONS, § 81*—*when instruction misleading as emphasizing portions of the evidence.*  An instruction directing a verdict, which calls attention to certain portions of the evidence and thereby emphasizing the same, *held* misleading.

5.  APPEAL AND ERROR, § 1560*—*when refusal of requested instruction not error.*  In an action by an administrator to recover damages for the death of his intestate, where objection was sustained to defendant testifying to anything that occurred before the death of deceased by reason of his incompetency on account of the suit being prosecuted by an administrator, refusal to give defendant's requested instruction telling the jury that defendant was incompetent to testify to the facts out of which the case arose, *held* not error where part of the instruction was given in another instruction, and the instruction omitted the words "alone" or "of itself."

6.  MUNICIPAL CORPORATIONS, § 824*—*when ordinance void as unreasonable.*  An ordinance making it a misdemeanor for a person to climb, cling or in anyway attach himself to a wagon or other vehicle either stationery or in motion, without the consent of the owner, *held* void for unreasonableness.

Appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.  Heard in this court at the April term, 1913.  Reversed and remanded.  Opinion filed October 16, 1913.  Rehearing denied December 3, 1913.

FRANK T. O'HAIR, W. W. REEVES and JAMES W. and EDWARD C. CRAIG, for appellant.

GUY R. JONES, P. M. MOORE and H. I. GREEN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by William P. Miller, administrator of the estate of Leon Hance, deceased, against Henley Eversole to recover damages for the death of plaintiff's intestate, averred to have been caused by the negligence of the defendant in running an automobile on King street in the village of Newman.  A jury returned a verdict for two thousand five hundred dollars against the defendant upon which judgment was rendered.  The defendant prosecutes this appeal.

The declaration contains five counts. The first three are common law counts. The fourth count avers the negligent running of the automobile at a rate of speed contrary to the statute and that the deceased was in the exercise of ordinary care; the fifth count avers a failure of appellant to give the reasonable warning required by the statute but fails to aver due care on the part of the deceased.

Leon Hance was a boy nearly fourteen years of age attending the Newman township high school. Gillogly street runs east and west through Newman. It is intersected by King street, which runs north and south. The township high school is located at the northwest corner of the intersection of these streets. King street is paved with brick twenty feet wide. On May 18, 1911, the date of the accident by which Hance received the injuries causing his death, appellant about 4 o'clock in the afternoon, just as school was dismissed, was driving an automobile south on the east side of King street through the village of Newman, a short distance behind one J. W. Roller, who was driving an automobile to which was attached an empty gravel wagon. This wagon had iron wheels with a box, the bed of which was made of loose two by fours and the sideboards were loose, the ends being set between cleats. There is evidence that the automobile of appellant was going at a rate of from ten to fifteen miles an hour and also evidence that it was only going at from four to five miles an hour. As the automobile driven by Roller passed the schoolhouse, or crossed Gillogly street, Hance with other boys ran out into the street towards the automobile and wagon. Three of them got on the wagon. Hance appears not to have been able to get on the wagon although he got hold of the end of the box, ran after it a short distance, and then let go of the box. The evidence is conflicting as to whether, after letting go of the wagon, he went to the east curb of the street and then started back southwesterly across the street,

either towards the wagon trying to catch it, or towards the opposite side of the street or simply followed the wagon. The automobile driven by appellant struck Hance, knocked him down, and was stopped with the right front wheel of the machine against the boy's head, which was badly bruised. The boy's feet were a short distance in front of the left front wheel. The boy was taken to a hospital and the bruise on the head cleansed and treated but he died a few days thereafter from lockjaw.

Appellant offered in evidence an ordinance of the village of Newman providing that: "Any person or minor who shall climb, jump, step, stand upon, cling to, or in any way attach himself to any automobile, carriage, wagon, cart, buggy, sleigh, sled or other vehicle either stationery or in motion without the consent of the owner or person in charge thereof, shall be fined not less than one or more than ten Dollars." Appellant insists that the deceased violated this ordinance and was thereby guilty of contributory negligence. The court sustained an objection to this ordinance on the ground that it was void for unreasonableness. The authority for the passage of this ordinance, if there is any, is in the police powers conferred upon municipal authorities of a city or village to enact reasonable police regulations. The violation of the ordinance, by its terms, is not made to depend upon the degree of safety with which persons might attach themselves to any conveyance but to depend upon securing the consent of the owner or person in charge thereof. A person placing his hand upon a wagon standing in the street without any motive power attached would be guilty of a misdemeanor under this ordinance, if he had not first obtained the owner's consent. "The question of reasonableness or of necessity is not made an element, impliedly or otherwise, in this ordinance, and the citizen, in the exercise of his lawful rights, is subjected to fine and imprisonment for an act innocent

in itself, but which was not done, and because it was not done, with the express permission of another individual." *Wice v. Chicago & N. W. Ry. Co.,* 193 Ill. 351. The court properly sustained the objection to the ordinance.

It is also insisted that the court erred in sustaining an objection to questions put to witnesses who were operators of automobiles as to the distance in which an automobile similar to that of appellant could be stopped. The objection was made that that was not a question for expert testimony. The Court sustained the objection and said to counsel "it isn't a question of his machine." The question should have described the machine so that the jury would know on what facts the answer was based. The objection was properly sustained because of the form of the question.

The owner of the automobile testified that when the other boys with the deceased were running by the side of his automobile and trying to get on the running board he forbid them to get on his machine. If the deceased was one of the boys who tried to get on the automobile drawing the wagon and then tried to get on the wagon, we do not see why this evidence was not proper. It was immediately prior to the accident and so connected with it that it was a part of the occurrence.

The third instruction given at the request of appellee is as follows: "The Court further instructs the jury, that the driver of an automobile, in and upon a public street, is bound, at all times, to exercise ordinary care and caution for the safety of any and all persons who may be upon said street and the degree of such care and caution required to be exercised by such driver depends upon the circumstances surrounding said driver at any given point in such street, and if the jury believe from the preponderance of the evidence, that the point at which the injury complained of, alleged in plaintiff's declaration and every count thereof as occurring to plaintiff's intestate, was in front of a public high school building in the city of

Newman, Douglas county, Illinois, where the pupils and children were liable and wont to be, and that the defendant had knowledge of the location of said building and the fact that the children congregated there at certain hours of the day, then said defendant would be required to use a higher and greater degree of care at such point, than at a point in the public street where the pedestrians were fewer and the travel limited, in order to prevent inflicting any injury to any such persons, that might be in such street at said point.''

This instruction is erroneous and misleading in telling the jury that the appellant was required to use a higher degree of care at one place than another. Appellant was not required to use a higher degree of care at one place than another, but he was only required to use ordinary care wherever he might be. While it is a correct proposition that what might be ordinary care where there were no children or persons crossing a street would not be ordinary care and might be negligence where there were children and a crowded street, yet ordinary care is all he was required to use, and ordinary care is such care as an ordinary reasonable and prudent person would use under all the circumstances and conditions existing at the time and place and which are or ought to be known to the party.

The sixth instruction given for appellant is misleading and directs a verdict. It calls attention to portions of the evidence thereby emphasizing the same, and then tells the jury that, if they believe that the deceased was then and there in the exercise of ordinary care for his own safety and was suddenly placed in a perilous position and was struck by said automobile as set forth in the declaration, and if the jury further believe from the evidence that by the exercise of ordinary care appellant *might* have discovered the position of peril the deceased was in, and could thereafter have prevented injuring the deceased by exercising due care in driving his automobile, then they should find the defendant guilty. If the appellant by the exercise of due

care would have discovered the peril of the deceased and would in the exercise of due care have avoided it, then appellant would be liable if the deceased had been in the exercise of due care, but if there was only a bare possibility of appellant in the exercise of due care having discovered the peril of the deceased and avoiding injuring him, still he would not be liable if in the exercise of due care he failed to discover the peril of the deceased and to avoid injuring him.

The appellant was offered as a witness in his own behalf. An objection to his testifying to anything that occurred before the death of Hance was sustained on the ground of his incompetence because of the suit being prosecuted by an administrator. An instruction was requested telling the jury that defendant was not competent to testify to the facts out of which the case arose and that the jury had no right to indulge in any presumption against him on account of his not testifying to the transaction or on account of the deceased having been struck by an automobile of appellant. The instruction was refused. The first proposition of law in the instruction is a correct one and would have been given if asked alone, but the last part of the instruction was given in another instruction and it was not necessary to duplicate it, and as requested in this instruction it was technically erroneous in omitting the words "alone" or "of itself."

To review the thirty-five errors assigned by counsel would unnecessarily and uselessly prolong this opinion. We have disposed of the important questions raised. Since the case must be reversed and remanded for a new trial for the errors indicated, we express no opinion on the merits of the case. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MR. JUSTICE PHILBRICK took no part in the consideration of this case.