(78 South. 395)

RENFROE v. COLLINS & CO. (6 Div. 510.)

(Supreme Court of Alabama. Nov. 15, 1917. On Rehearing, March 23, 1918.)

1. MUNICIPAL CORPORATIONS ☞705(4)—USE OF STREETS AS HIGHWAY — INJURY TO PERSONS—CONTRIBUTORY NEGLIGENCE.

If plaintiff's intestate, a boy, in violation of law, took hold of defendant's truck on a public street in an effort to gain a ride, while mounted on roller skates, and such was the cause of his injury, he could not recover, unless defendant's driver saw his peril, and negligently, willfully, or wantonly proximately caused the injury.

2. APPEAL AND ERROR ☞1040(13) — HARMLESS ERROR—DEMURRER.

The overruling of demurrers to pleas in answer for insufficient statement of the character of contributory negligence that would bar recovery is immaterial, where the court instructed that plaintiff could not recover unless defendant's driver was guilty of simple negligence after discovery of the peril of plaintiff's intestate.

3. MUNICIPAL CORPORATIONS ☞661(2)—POLICE POWER AND REGULATION—ORDINANCES FOR PUBLIC SAFETY.

Under Code 1907, § 1251, the city of Birmingham has the right to adopt city ordinance 174c, § 22, providing that no person while on roller skates should grasp any vehicle moving upon a street, and such ordinance is valid even though its terms be regarded as including an inhibition against such act by the owner of vehicle.

4. STIPULATIONS ☞14(4) — EVIDENCE — EFFECT.

In an action for the death of a minor, objection to introduction of a city ordinance, prohibiting one on roller skates from grasping an automobile moving upon a street, because the ordinance was not shown to be in force and effect at the time of the accident was waived by a stipulation that the copy admitted was identical with that passed.

5. APPEAL AND ERROR ☞1066 — HARMLESS ERROR—INSTRUCTIONS.

In an action by a father for the death of his son killed by an automobile while skating on street, an instruction that all persons are forbidden to use the streets for skating, not being supported by evidence of such ordinance or regulation, was prejudicial error.

6. TRIAL ☞194(16) — INSTRUCTIONS — PROVINCE OF JURY.

The instruction, in an action for death of deceased, that deceased was a trespasser and guilty of violating the law in holding onto defendant's truck while on roller skates in a public street, was error, in view of evidence that the boy did not catch hold of the truck; such instruction invading the province of the jury.

7. TRIAL ☞253(4)—INSTRUCTIONS—IGNORING ISSUES.

An instruction that if deceased was killed as the sole proximate consequence of his own negligence or of his violation of a city ordinance no verdict could be returned for plaintiff is affirmatively faulty, as concluding against a recovery, where defendant, after discovering deceased's peril, could have avoided the accident.

8. DEATH ☞93—DAMAGES.

In an action to recover for death of deceased brought under Code, § 2485, authorizing the parent to sue for the death of the child, recovery is punitive only.

9. TRIAL ☞253(4)—INSTRUCTIONS—IGNORING EVIDENCE.

Instructions that plaintiff could not recover for death of his minor son if the son had sufficient mental development to be guilty of contributory negligence or caught hold of defendant's truck without driver's consent, unless the latter intentionally or after discovery of his peril injured him, erroneously omit liability for wanton acts and omissions (citing 4 Words and Phrases, pp. 1235, 1237, 1238).

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by E. S. Renfroe against Collins & Co., a partnership, for damages for the death of James Renfroe. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The defendant filed the following pleas, which are directed to be set out:

(1) Not guilty.

(2) That plaintiff's said son, James Renfroe, deceased, was himself guilty of negligence which proximately contributed to cause his said injury and death in this, the said James Renfroe was on roller skates on Nineteenth street at or near Tenth Avenue North, in the city of Birmingham, and while defendant's truck was going north on said Nineteenth street at said time and place, said James Renfroe negligently caught, or attempted to catch, hold of the rear of said truck, which was moving, and as a proximate consequence he was caused to fall and his head struck the street or pavement, and his said injury and death were proximately caused thereby. And defendants aver that the said James Renfroe had sufficient mental capacity and development to be guilty of contributory negligence.

(3) That plaintiff's said son, James Renfroe, was himself guilty of negligence which proximately contributed to cause his said injury and death, in this: He was skating on roller skates on Nineteenth street, at or near Tenth Avenue North, in the city of Birmingham, Ala., and as defendants' automobile truck was moving north on said Nineteenth street, at or near the intersection of said Tenth Avenue North, the said James Renfroe, well knowing that so to do would likely or probably result in injury to himself, negligently caught hold of the rear of defendant's said truck, while the same was running, and as a proximate consequence he fell and struck his head against the street or pavement or rails of the street or railroad track, and his said injury and death were proximately caused thereby. And defendants aver that said James Renfroe had sufficient mental capacity and development to be guilty of contributory negligence.

(4) That at the time the plaintiff's said son, James Renfroe, sustained the injury from which he died, there was in force and effect an ordinance of the city of Birmingham, Ala., entitled "No. 174C, An ordinance to further regulate the use of the public highways of the city of Birmingham." Section 22 of which ordinance reads as follows: "Section 22. No person while on roller skates or bicycle shall catch or grasp any street car, or any other vehicle which is moving upon the streets of Birmingham." And defendants aver that Nineteenth street, at or near Tenth Avenue North, where the said James Renfroe sustained said injury, was at said time and still is a public street within the limits of the said city of Birmingham. And defendants aver that plaintiff's said son, James Renfroe, at said time and place violated section 22 of said ordinance, in this: While he was on roller skates he caught hold of or grasped defendants' said automobile truck, which was then and there moving north on said Nineteenth street, and as a proximate consequence of said violation of said ordinance he fell and sustained the injury from which he died. For further answer to each count of plaintiff's complaint separately and severally, defendants say:

(5) That plaintiff ought not to maintain this suit, for that section 2485 of the Code of Alabama of 1907, under which plaintiff sues, confers upon plaintiff the right to sue for the death of his minor child, the said James Renfroe, and, failing so to do within six months from the death of said minor, the sole right of action for the death of said minor is conferred upon the personal representative of said minor. And defendants aver that more than six months elapsed after the death of said minor, James Renfroe, and before the filing of this suit by plaintiff, and that plaintiff has filed this suit in his individual capacity, and not as the personal representative of said minor. And defendants plead and rely upon the provisions of section 2485 of the Code of 1907, as a bar to this suit by plaintiff.

(6) Defendant says plaintiff himself was guilty of negligence proximately causing the injury and death of his minor son in this: He negligently allowed him to go upon roller skates upon the public streets of the city of Birmingham which were much frequented by automobiles and other vehicles, well knowing, or by the exercise of ordinary care would have known, that he would likely and probably be injured, and as a proximate consequence plaintiff's said son negligently caught hold of the back or some other part of defendant's moving automobile or truck, and was thereby caused to fall and sustain the injuries from which he died.

Assignments Nos. 19 and 20 referred to in the opinion are as follows:

(19) The court erred in giving to the jury at the request of the defendant the following written charge: "I charge you that if you should believe from the evidence that James Renfroe caught hold of the defendant's truck without the consent of the person in charge of same at the time and place complained of, then and in that event he was a trespasser, and the only duty the driver of the truck owed him was not to intentionally injure him, or injure him after the discovery of his peril; and, unless you should believe from the evidence that the driver of the truck intentionally caused the deceased to be injured, or injured him after the discovery of his peril, then you must find for the defendant."

(20) The court erred in giving to the jury at the request of the defendant the following written charge: "If you should believe from the evidence in this case that the said James Renfroe had sufficient mental capacity and development to be guilty of contributory negligence, then and in that event you could not find for the plaintiff in this case, unless you should further believe from the evidence that the driver of the truck intentionally injured him, or injured him after discovering that he was in peril, if you believe from the evidence that the defendant's servant actually discovered his peril."

Harsh, Harsh & Harsh and Francis M. Lowe, all of Birmingham, for appellant. Stokely, Scrivner & Dominick, of Birmingham, for appellee.

McCLELLAN, J. James Renfroe, a minor a few months under 12 years of age and a son of the plaintiff (appellant) was killed as the immediate result of his head's striking the paving of a public thoroughfare in the city of Birmingham. The boy was on roller skates at the time. According to the plaintiff's theory the boy was holding on, either to the side of the defendant's (appellee's) moving auto truck, or to the rear thereof, in order to be drawn along the paved way, on his skates, by the power of the truck. The complaint contained two counts; one ascribing the fatal injury to simple negligence, and the other attributing the fatal injury to wanton (not willful) misconduct or omission for which the defendant is responsible. Besides the general issue, the defendant interposed special pleas 1, 2, 3, 4, and 6. The report of the appeal will reproduce these pleas. Plea 5 was stricken at plaintiff's (appellant's) instance. Pleas 2, 3, 4, and 6 were sustained as against the count charging simple negligence, but were eliminated as

asserting efficient defenses to the count charging the aggravated wrong set forth in the second count.

[1] The unfortunate boy was a trespasser if he took hold of the truck in his effort to gain a ride; and, if his injury occurred while he was so related to the moving truck, the plaintiff could not recover unless the defendant's servant or servants in charge of the truck then knew that he was in a position of peril, and either through simple negligence proximately caused his injury, or willfully or wantonly proximately caused his injury. Jefferson v. Birmingham Ry. Co., 116 Ala. 294, 301, 22 South. 546, 38 L. R. A. 458, 67 Am. St. Rep. 116.

[2] The averments of pleas 2, 3, and 6, to which appellant's demurrers were overruled and of which rulings assignments of error are predicated, did not assert a character of contributory negligence that was effective to defeat plaintiff's right to recover as for simple negligence after the discovery of the boy's peril. These pleas did assert a character of contributory negligence that might have been effective to bar a recovery for initial negligence on the part of the defendant's servant; but they did not even purport to assert a negligent act or omission by the boy or his parent that was coincident or concurrent with negligence on the part of defendant's servant or servants after the discovery of the boy's peril which was efficient to characterize the boy's, or the father's, act or omission in the premises as contributorily negligent to the bar of a recovery for simple negligence after the discovery of the boy's peril. L. & N. R. R. Co. v. Young, 153 Ala. 232, 235, 45 South. 238, 16 L. R. A. (N. S.) 301; Anniston Elec. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32. We understand the court to have instructed the jury that the plaintiff should not recover unless the defendant's agent was guilty of simple negligence, after the discovery of the boy's peril, or willfully or wantonly caused the boy's injury. In the circumstances made by the evidence and the stated restrictive instruction of the jury by the court, no prejudice could have reasonably resulted to the plaintiff by the action of the court in overruling the demurrer to the pleas; this whether the pleas were faulty or not, a question it is not thought necessary to consider. Under the evidence and the averments of the two counts, the issues, within the range of the stated possible rights of the plaintiff to recover, were due to be submitted to the jury for decision.

[3] The city of Birmingham had the power and authority to pass the ordinance quoted in the fourth plea. Code, § 1251. The argument of appellant's counsel against its validity has been accorded careful consideration. Our opinion is that the ordinance is clearly valid, even though its terms are regarded as including an inhibition against the act of an owner or of his child "while on roller skates or bicycle" catching or grasping "any street car or any other vehicle which is moving upon the streets of Birmingham." The police power of the municipality in respect of such matters, importing the manifestly humane and conservative purpose of that authority over its streets and people using them, amply justified the enactment of the ordinance in the broad terms it employs. The ordinance considered by the court in Miller v. Eversole, 184 Ill. App. 362, was materially different from the ordinance here involved. There the prohibition included stationary vehicles, and did not at all depend for its rationale upon the safety of either persons or property in public thoroughfares, but, to the contrary, conditioned its restraint or inhibition upon the consent of the owner; whereas the ordinance here under consideration intends without restriction the preservation of the safety of persons in public thoroughfares. The cases of State v. Wittles, 118 Minn. 364, 136 N. W. 883, 41 L. R. A. (N. S.) 462, Ann. Cas. 1913E, 433, Mobile v. Orr, 181 Ala. 314, 61 South. 920, 45 L. R. A. (N. S.) 575, and Chicago v. Gunning, 214 Ill. 628, 73 N. E. 1035, 70 L. R. A. 230, 2 Ann. Cas. 892, are without bearing on the question of the validity of this ordinance.

[4] The sixth assignment complains of the action of the court in admitting the ordinance in evidence. The bill of exceptions recites:

"Counsel for defendant here introduced in evidence section 22 of an ordinance of the city of Birmingham, being part of Ordinance 174C, entitled 'Laws to further regulate the use of the public highway in the city of Birmingham.' Plaintiff objected to the introduction of said ordinance on the ground that it was irrelevant, immaterial, illegal, and unreasonable and not binding in this case. It was here admitted by counsel for plaintiff to save the trouble and expense of having a witness brought up from the city hall to prove said ordinance, that the ordinance admitted was identical with the regular duly passed ordinance book, and in that way waived further proof. The court overruled the objection. Plaintiff then and there duly and legally excepted to the ruling of the court."

It is insisted that this was error because it was not shown that the ordinance was in force and effect at the time in question. The admission and waiver expressed in the quoted recital from the bill of exceptions precluded any subsequent complaint by appellant in the premises.

[5] In the oral charge, the court said to the jury:

"All persons are forbidden to use the streets of the city for skating thereon. To do so is an unlawful act of trespass on the part of the person so guilty."

There was, so far as we have discovered, no evidence to justify this statement. It was stated by one of the young companions of the plaintiff's son that in certain parts of the city (down town, it seems) skating was not permitted. This statement was erroneous; and this court is not able to affirm that the advice thereby given the jury had no

prejudicial effect. From it the jury would quite naturally conclude that plaintiff's boy was violating the city's laws when he went on the street, in which he was killed, without regard to whether he caught hold of a moving truck or other vehicle or not.

[6] At the request of the defendant, the court gave the jury this special instruction:

"The court charges the jury that deceased was a trespasser and guilty of a violation of the law in holding on to defendant's truck while on roller skates."

In view of the evidence of the defendant's witness Megerson, who testified that the boy never did catch hold of the truck, this instruction invaded the province of the jury, and should not have been given. If, however, he did catch hold of this moving truck while he was on roller skates, he was a trespasser, and offended the ordinance set out in plea 4.

[7, 8] The court gave this special instruction, which we letter A, at the request of the defendant:

"The court charges the jury that if they find from the evidence that deceased was killed as a sole proximate consequence of his own negligence or as a sole proximate consequence of the violation of the city ordinance introduced in evidence, you cannot return a verdict in favor of plaintiff under either count of the complaint."

Under the issues and the evidence this instruction was erroneously given. It was affirmatively faulty not merely calculated to mislead the jury. Its immediate effect was to conclude against a recovery under the wanton count upon an alternative hypothesis, predicated on the prohibition of the ordinance and its violation by plaintiff's son, that could, under no circumstances, have justified the willful or wanton injury of the boy. There was evidence tending to show that the boy had hold of the side of the moving truck, between the front and rear wheels on that side; that the driver saw him there and knew he was rolling on his skates; that the driver, so advised, accelerated the speed of the truck and gave it a zigzag course; that, under these circumstances, he directed the truck over the surface of the street which was uneven or rough because of a railway, about the rails of which a different and less smooth quality of paving was laid; and that when the wheels of the boy's skates struck this less smooth surface of the street the boy was either immediately thrown to the pavement, or the rear wheel of the truck caught one of the skates fastened to his foot, broke the skate, and released it from his foot. In view of the tendencies of the evidence going to show that the truck wheel caught the skate attached to the boy's foot, the conclusion is that the question whether the averments of the counts that the truck "ran upon, against, or over plaintiff's said minor son" were sustained by the evidence was due to be submitted to the jury, and could not, without invading the jury's province, be decided by the court. The trial court correctly defined the character of the action; it being brought under that feature of the Homicide Act authorizing the parent to sue for the death of the child (Code, § 2485); and the recovery and its measure is punitive only.

[9] Since this court has long recognized a distinction between an injury intentionally wrongfully inflicted and an injury proximately resulting from a wanton act or omission (Birmingham El. Co. v. Bowers, 110 Ala. 328, 331, 20 South. 345; among others; 4 Words and Phrases, pp. 1235, 1237, 1238), the special instructions copied in assignments of error numbered 19 and 20 (the report of the appeal will reproduce them), given at the instance of the defendant, should have been refused. The judgment is affected with error. It is hence reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, J., concur. GARDNER, J., concurs in the reversal and in the opinion; except with respect to that part of the opinion touching the special instruction lettered A.

## On Rehearing.

McCLELLAN, J. Counsel for appellee insist that the consideration and decision of this court in Karpeles v. City Ice Delivery Co., 73 South. 642,[1] treating special charges J and M, is opposed to the present decision that charge A, quoted in the opinion ante, invaded the province of the jury, and to give it was error to reverse. The difference between those instructions and that involved on this appeal is radical and apparent. There the negligence hypothesized, viz. the excessive speed of the motorcycle which collided with defendant's automobile, was a character of negligence that might, in the order of causation have intervened to have afforded the sole (exclusive) proximate cause of the plaintiff's injury, thereby denying, by the hypothesis, the ascription of plaintiff's injury, for proximate cause, to either the negligence or the willful or wanton misconduct or omission of defendant's chauffeur. Here the alternative hypothesis in charge A is predicated of the violation of an ordinance which could not, in any possible event, have intervened to sever or to interrupt the order of causation which the jury may have found was put into motion through the wanton or willful acts of the driver of the defendant's truck. It was open to the jury to find under the evidence in this record that, notwithstanding the boy violated the ordinance by holding onto the truck while rolling on skates in a public thoroughfare, the driver of the truck willfully or wantonly so ordered its course and speed as to proximately cause the boy's injury. Certainly it could not be correctly said in this or any other case that under such circumstances the violation of

the ordinance was or could be the sole, exclusive proximate cause of the injury thus suffered. The decision in the case of B. R., L. & P. Co. v. Ely, 183 Ala. 383, 62 South. 816, is without bearing upon the question presented through the giving of charge A. quoted in the opinion ante. It is not possible to interpret this charge as submitting to the jury the inquiry "whether or not the defendant was guilty of willfulness or wantonness proximately contributing to the death of deceased." A reconsideration of the error pronounced upon the court's action in instructing the jury, at defendant's request, that deceased was a trespasser and guilty of a violation of the law in holding onto defendant's truck while on roller skates, confirms this court's opinion in that regard. This court did not feel authorized to ignore or disregard plain, pertinent testimony so as to avert the implication of error from an instruction that invaded the jury's province to pass upon such evidence. The extract from the oral charge of the court in which the jury was advised that:

"All persons are forbidden to use the streets of the city for skating thereon. To do so is an unlawful act of trespass on the part of the person so guilty"

—was not justified by the evidence; and to so instruct the jury was manifest error.

The application for rehearing is hence denied.