**DAVIS, Agent, etc., v. MORGAN COUNTY.
(8 Div. 534.)**

(Supreme Court of Alabama. April 26, 1923.)

**1. Railroads ⊄═350(8)—Negligence at crossing held for jury.**

Where plaintiff filed a complaint ascribing, generally, a truck's injury, to servants in charge of the train doing damage without naming them, and there was evidence as to initial and subsequent negligence, it appearing that the train was running 20 miles an hour without signal, *held*, that defendant having the burden under Code 1907, §§ 5473-5476, to negative the presence of negligence, was not entitled to a general affirmative instruction on either theory of negligence nor on the theory that only the engineer was in charge of the train for the purpose of lookout and signal, or either, to avoid collision with obstacles about the track over which the train was moving with the engine's tender forward.

**2. Evidence ⊄═474(19)—Witness with knowledge of condition of truck may testify as to its value, though not an expert.**

Where a witness has testified that he had known the truck and its condition for three or four years, he is entitled to give his opinion of what it is worth at the time of injury, it not being essential that he should be an expert in the premises, or, if he knew what the truck cost when new, he could testify to that fact, and the objection that it was a mere surmise is inapt.

**3. Negligence ⊄═90—Contributory negligence of truck driver not an employee not imputable to owner.**

Unless the driver of a truck damaged by a train was an agent or employee of the owner, his negligence was not imputable to the owner.

**4. Trial ⊄═260(1)—Denial of instruction covered by others given not error.**

Denial of instruction, the subject of which has been effectively treated by another instruction, *held* not error.

**5. Trial ⊄═253(4)—Instruction on subsequent negligence held properly refused.**

An instruction that, if defendant's engineer discovered the perilous situation of plaintiff's truck and thereafter did immediately do all in his power to prevent the engine from coming in contact with the truck, he was not guilty of subsequent negligence, *held* properly refused as failing to hypothesize the observance of the duty, or to excuse its performance, of giving warning signals if reasonably practicable.

---

⊄═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action for damages by Morgan County against James C. Davis, as Agent, etc. From a judgment for plaintiff defendant appeals. Affirmed.

Charge 27, requested by defendant and refused by the court, is as follows:

"(27) If you believe from the evidence that the engineer discovered the perilous situation of plaintiff's truck, and thereafter did immediately do all in his power to prevent the engine from coming in contact with the truck, I charge you that the defendant's agent was not guilty of subsequent negligence."

Eyster & Eyster, of Albany, for appellant.

Defendant was due the general charge. Fayet v. St. L. & S. F., 203 Ala. 4, 81 South. 671; L. & N. R. Co. v. Cloud, 207 Ala. 373, 92 South. 550; Hess v. Hodges, 201 Ala. 309, 78 South. 85, L. R. A. 1918D, 858; West. of Ala. v. Mitchell, 148 Ala. 44, 41 South. 427; Sands v. L. & N. R. Co., 156 Ala. 327, 47 South. 323. The contributory negligence of the driver is a bar to recovery by plaintiff. Hines v. Cooper, 205 Ala. 70, 88 South. 133; Hines v. Cooper, 204 Ala. 535, 86 South. 397; L. & N. R. Co. v. Cloud, supra; Western Railway of Ala. v. Mutch, 97 Ala. 196, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179.

Callahan & Harris, of Decatur, for appellee.

The case was one for the jury, and defendant was not due the general charge. Payne v. Roy, 206 Ala. 432, 90 South. 605; E. T., V. & G. R. Co. v. Deaver, 79 Ala. 221; L. & N. R. Co. v. Woods, 105 Ala. 571, 17 South. 41.

McCLELLAN, J. Action for damages, instituted by appellee against the appellant, for injuries to an auto truck belonging to the county of Morgan and driven at the time by one Thomason, through the collision therewith of an engine operated over the Louisville & Nashville Railway at a public, frequently used street crossing in the town of Falkville, Ala.

[1] This is the second appeal. Morgan County v. Payne, Director General, 207 Ala. 674, 93 South. 628. It was held on that appeal that contributory negligence on the part of the truck's driver, Thomason, could not be imputed to the county of Morgan unless Thomason was its agent, servant, or employee in the operation of the truck on the occasion in question. Pleas were interposed by the defendant in which that relation was averred, and thereupon the concluding effect asserted against the plaintiff's right to recover. The evidence shows without dispute, that Thomason was not the agent, servant, or employee of the plaintiff in the operation of the truck on the occasion in question. There was evidence, and reasonable inferences deducible therefrom, presenting issues of fact, due to be submitted to the jury, with respect to both initial and subsequent negligence on the part of the servants, agents, or employees operating the train in question; the complaint ascribing, generally, the truck's injury, for proximate cause, to "agents or servants in charge" of the train doing the damage, without naming the operatives so in charge. Furthermore, the statutes (Code, §§ 5473–5476) imposed upon defendant the burden of proof to negative the presence of negligence, within the purview of the cited statutes, as legally causative of the damage. The defendant was not entitled to general affirmative instruction on either theory of negligence; nor upon the notion that only Austin, the engineer, was "in charge of the train" for purposes of lookout and signal, or either, to avoid collision with obstacles about the track over which the train was moving, with the engine's tender forward. Brown v. L. & N. R. R. Co., 111 Ala. 275, 289, 19 South. 1001.

Two elements of the inquiry of negligence vel non by the train's operatives were, in connection with other evidence, put in positive issue by these statements of the witness Thomason:

"* * * It [i. e. engine or train] didn't give any signals until just before it [i. e. train] hit it [i. e. truck]. * * * In my judgment that train must have been running 20 to 25 miles an hour, and it did not slacken in speed any before it hit the truck. * * *"

[2] A number of the assignments of error related to rulings on the admission of testimony. No error intervened through these rulings. The frequency of use of the crossing where the collision occurred was not shown by comparison with the use of another crossing in the town; the witness merely taking that method of indicating his judgment that most of the people in town used the crossing in question. While the language employed to express the witness Hanby's (a county commissioner) opinion of the value of the truck at the time of its injury might have been more definitely expressive of his opinion in the premises, yet the terms he employed cannot be said to have characterized his testimony, in this aspect, a guess merely. The witness having testified that he had known the truck and its condition three or four years was entitled to give his opinion of what it was worth at the time of injury; it not being essential that he should be an expert in the premises. East Tenn. R. R. Co. v. Watson, 90 Ala. 41, 44, 7 South. 813; Chandler v. Higgins, 156 Ala. 511, 47 South. 284; A. G. S. Ry. Co. v. Mims, 207 Ala. 331, 92 South. 548. If the witness knew what the truck cost when new, he could testify to

that fact; the only objection being the inapt one, that a mere surmise was sought by the question.

No ground of objection was stated to the testimony of the witness who described the noise made by the application of brakes to a train. The evidence was not irrelevant to material issues on the trial.

[3, 4] A large number of the assignments of error refer to the refusal of defendant's request for special instructions. Of this number a considerable proportion were either positively faulty or possessed misleading tendency when considered in relation to the principle of law determined, as before stated, on former appeal. Unless Thomason was the employee of the plaintiff, his negligence in the premises was not imputable to the plaintiff. The refusal of such requests for instruction was not error. Another class of requests refused to defendant relate to the theory that Thomason's negligence in driving the truck on the track was the *sole* proximate cause of the injury to the truck. The court effectively treated this phase of the contest—presenting a jury issue—through this instruction of the jury in the oral charge:

"If Thomason, the driver of that truck, was the one who did what he ought not to have done and failed to do what he ought to have done, and the injury was caused solely by reason of the act of Thomason, the driver, then, gentlemen, this defendant would not be liable; but if Thomason was negligent and the defendant was also negligent, then this defendant cannot defend on the negligence of Thomason, but would be liable for its own negligence."

There was, hence, no prejudicial error in refusing requests of the class last indicated.

[5] There was no error in refusing defendant's request numbered 27. It improperly omitted to hypothesize the observance of the duty, or to excuse its performance, of giving warning signal if that was reasonably practicable.

Upon the request of the plaintiff the court instructed the jury that Thomason's negligence was "no defense to this suit." That advice to the jury was well given. If the defendant conceived the instruction to possess a capacity to mislead the jury to the prejudice of defendant's theory that Thomason's negligence afforded the *sole* proximate cause of the injury to the truck, an explanatory charge should have been requested.

There was no error in giving the other special instruction at plaintiff's instance.

The motion for new trial was overruled without error. Cobb v. Malone, 92 Ala. 630, 635, 9 South. 738.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.