179 So. 250

### WILLIAMS v. WICKER.

2 Div. 106.

Supreme Court of Alabama.

Feb. 17, 1938.

J. P. Mudd, of Birmingham, for appellee.

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

350

GARDNER, Justice.

### On the Motion.

This suit is under our homicide statute to recover damages for the death of plaintiff's intestate caused by a collision of the automobile in which said intestate was riding with the defendant's truck. There was verdict for defendant, and judgment thereon October 16, 1936.

Motion by plaintiff for a new trial was filed November 13th thereafter, which was duly continued to November 28, 1936, at which time an order was entered for submission on this motion, and the same "taken under advisement." On February 27, 1937, the motion was overruled, and the bill of exceptions presented May 25, 1937.

Appellee insists that the motion lapsed because carried over into another term of the court, and of consequence no valid judgment on the motion could then be entered (citing Richards v. Williams, 231 Ala. 450, 165 So. 820), and that, therefore, the ninety-day period for signing the bill of exceptions would commence from the date of the original judgment in the cause. Other cited authorities are Ex parte Adams, 216 Ala. 353, 113 So. 513; Horne v. Drivers, Inc., 24 Ala.App. 557, 138 So. 427; Cooper v. Owen, 230 Ala. 316, 161 So. 98; Folmar v. First National Bank, 223 Ala. 625, 137 So. 777; Section 6670, Code 1923; Ex parte Howard, 225 Ala. 106, 142 So. 403; Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327.

Under section 6667, Code 1923, there were two terms of the circuit court, as follows: First, from the first Monday in January to and including the last Saturday of June of every year; and, second, from the first Monday after the Fourth of July to and including the last Saturday before Christmas of every year. But this section was amended so as to eliminate these terms, and, as amended, the "Circuit Courts of the several Counties of the State shall be open for the transaction of any and all business, or judicial proceedings of every kind, at all times." General Acts, Ex.Sess.1936, p. 32.

But appellee would avoid the effect of this amendatory act by applying the thirty-day limitation as to judgments in section 6670, Code of 1923. That section is not, however, here involved.

The motion in the instant case was seasonably filed, and continued to date of submission when it was taken under advisement. This submission and taking the motion under advisement operated to keep the motion alive until the end of the term, as held in Greer v. Heyer, 216 Ala. 229, 113 So. 14, and the trial of the motion constructively in progress until the judgment is rendered. To like effect, see Ex parte Adams, 216 Ala. 353, 113 So. 513; Cooper v. Owen, 230 Ala. 316, 161 So. 98.

As now amended, section 6667 of the Code abolishes the matter of terms of court, and we think the case of Greer v. Heyer, supra, and others of like tenor, should here control. Under these decisions the motion was kept alive and the hearing regarded as pending, the trial of the motion considered as constructively in progress until judgment thereon. So considered, the bill of exceptions was presented in time, and the motion to strike will accordingly be here denied.

### On the Merits.

Deceased was riding in a Plymouth car, owned and operated by her husband, plaintiff, George G. Williams, on a public highway, some five miles from Woodstock, Ala., when there was a collision with a truck upon the chassis of which rested a trailer. The collision occurred about 5:30 o'clock in the afternoon while it was raining. That plaintiff's intestate lost her life as a result of the collision, and that the truck was being operated by a servant or agent of defendant, acting within the line and scope of his authority, were not controverted questions on the trial.

The whole case turned upon the one question of fault in operation of the two motor vehicles. The count upon which, for the plaintiff, the case was tried, sought recovery for simple negligence, and there was no plea of contributory negligence; the only plea being the general issue.

No details of the evidence need be here narrated.

Briefly stated, it is plaintiff's theory that as the Williams' car was being driven up the hill in the rain on the proper (that is, the right) side of the road, defendant's truck, approaching from the opposite direction, cut sharply across the road into the path of the Williams' car, which was then cut sharply toward the center to avoid the fatal collision.

Defendant contends, on the contrary, that his truck, properly equipped with brakes, was proceeding at a moderate speed down the hill on its correct side of the highway with the Williams' car approaching on the same side, that is, on the wrong side of the road for the Williams' car, and that as soon as the driver of the truck discovered the Williams' car would not get back to its proper place on the road, he cut abruptly to the left in order to avoid a head-on collision.

Evidence was offered by the parties in support of their respective contentions, and was in sharp conflict for the jury's consideration.

For a reversal of the judgment, plaintiff rests largely upon the action of the trial court in giving, at defendant's request, written charge A–9, which appears in the report of the case, relating to the question of the sole proximate cause of the accident.

 To fasten liability upon defendant any negligence on his part must, of course, be the proximate cause of the injury. But, "if an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last proximate cause, and refuse to trace it to that which was more remote." Alabama G. S. R. Co. v. Vail, 142 Ala. 134, 38 So. 124, 126, 110 Am.St.Rep. 23; Garrett v. Louisville & Nashville R. Co., 196 Ala. 52, 71 So. 685; Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277; Hammett v. Birmingham Ry. L. & P. Co., 202 Ala. 520, 81 So. 22; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; 45 Corpus Juris 928.

Here, plaintiff's intestate is charged with no negligent conduct. There was no plea of contributory negligence, nor was there any charge of wanton conduct. The pleadings and proof presented but one issue; whether or not defendant was guilty of negligence which proximately produced the injury.

Defendant answers by saying that he was not only guilty of no negligence, but that in truth and in fact the intervening efficient and proximate cause of the collision resulting in the death of plaintiff's intestate was the negligent conduct of Williams in the operation of his Plymouth car; and that, at most, whatever was done by him in the operation of his truck merely furnished the condition or gave rise to the occasion by which the injury was made possible. Garrett v. Louisville & N. R. Co., supra.

Given charge A–9 but gave emphasis to this theory of the law as applicable to the pleadings and proof in this case, and, confessedly, finds support in Birmingham Ry., L. & P. Co. v. Ely, 183 Ala. 382, 62 So. 816, and Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642, 646.

In the latter case, Karpeles v. City Ice Delivery Co., supra, plaintiff's intestate was a guest passenger on a motorcycle, and the following statement in the opinion is equally applicable here: "If defendant's agent exercised due care, then of course the death of plaintiff's intestate must be referred to the negligence of the driver of the motorcycle, or, in the absence of that, to inevitable accident."

Counsel for plaintiff, however, insist these authorities have been overturned by our subsequent decisions; citing Renfroe v. Collins & Co., 201 Ala. 489, 78 So. 395; Birmingham Southern Ry. Co. v. Harrison, 203 Ala. 284, 82 So. 534; Davis v. Morgan County, 209 Ala. 343, 96 So. 473; Grauer v. Alabama G. S. R. Co., 209 Ala. 568, 96 So. 915; Allen v. Birmingham Southern Ry. Co., 210 Ala. 41, 97 So. 93; Boyette v. Bradley, 211 Ala. 370, 100 So. 647; McBride v. Barclay, 219 Ala. 475, 122 So. 642; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139; Mobile & Ohio R. Co. v. Williams, 221 Ala. 402, 129 So. 60.

We have examined each of these cases with due care and fail to find any qualification of the Karpeles and Ely Cases, supra, (here directly in point) in so far as they are applicable to a situation as here presented. There was first a differentiation, but no qualification, of the Karpeles Case in Renfroe v. Collins & Co., 201 Ala. 489, 78 So. 395, 398, wherein there was a wanton count; and wherein the opinion stated charge A (there considered) was faulty, in that it concluded "against a recovery under the wanton count." The present writer did not

concur in this criticism of charge A, and was so recorded. But that question has been settled by the subsequent decisions, above noted, which followed in the wake of that of the Renfroe Case, supra, and in each of them the issue of wantonness was involved.

In Lindsey v. Kindt, supra, there was a wanton count, and the opinion discusses that question in relation to the refusal of the "sole proximate cause" charge, asked by defendant.

And in Strickland v. Davis, 221 Ala. 247, 128 So. 233, 238, the writer of the opinion, who was also the writer in Lindsey v. Kindt, supra, observed as to refused charge L that it was "a correct statement of the law," but that it was subject to criticism as to form.

And in Davis v. Morgan County, 209 Ala. 343, 96 So. 473, 475, the author of the opinion in Renfroe v. Collins & Co., supra, justified the refusal of "the sole proximate cause" charge upon the theory that the subject matter was fully treated in the oral charge.

The observation in the Boyette Case, supra, as to any apparent conflict between the Karpeles Case, supra, and that of Grauer v. Alabama G. S. R. Co., supra, is not of any material consequence here, as the Grauer Case concerned the matter of a wanton count, not here presented.

As we have observed in each of the cases upon which plaintiff lays stress, a wanton count was involved, and what would be the conclusion concerning the giving of such a charge, where only contributory or subsequent negligence was involved, we leave an open question to be determined when the matter is directly presented.

■ In the instant case the given charge injected no new issue into the case, nor was it in fact calculated to mislead. Plaintiff argues that it was faulty or misleading to a prejudicial extent because of the theory of subsequent negligence. But assuming, without deciding, merit in this insistence, it would be inapplicable here. Subsequent negligence presupposes negligence on the part of plaintiff, 45 Corpus Juris 988; Seaboard Air Line R. Co. v. Laney, 199 Ala. 654, 75 So. 15; Haber v. Pacific Electric Ry. Co., 78 Cal.App. 617, 248 P. 741, and there was no negligence on the part of plaintiff's intestate here claimed or involved. It was a question of proximate cause only; that is, whether the proximate cause of the injury was negligent conduct of the driver of the Williams' car, or that of defendant's truck. The case presents, therefore, no question of subsequent negligence.

■ Nor do we consider that the use of the word "the" preceding negligence in the charge in any manner misled the jury into an understanding that negligence of Williams was assumed, but if thought misleading plaintiff could have asked an explanatory charge. Whether its use would have justified its refusal is a different matter, not here necessary to discuss. It was very similar to the expression in the approved oral charge of "the act," as noted in Davis v. Morgan County, supra. Clearly enough a reversal could not here consistently be predicated thereon.

■ Nor can error to reverse be rested upon the action of the court in giving charge A-7, requested by defendant. What was said in Hampton v. Roberson, 231 Ala. 55, 163 So. 644, in treating given charge 3, in that case, suffices, without more, as an answer to this insistence.

■ Nor can reversible error be rested upon the refusal in evidence of plaintiff's photographs of the highway taken just a few days before the trial, and long after the accident and after there had been many material changes made in the highway, which was in preparation for such improvement when the accident occurred. Moreover, it could hardly be insisted that the photographs which were in evidence failed in any manner to give a very clear general outline of the highway sufficient in all respects for an intelligent consideration of the case by the jury.

We have discussed the assignments of error argued, and find no error to reverse.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.