On December 9, 1988, Nancy Hung backed her car across the parking lot from a parking space, over a six-inch curb, across a sidewalk, and through the wall of the Panda Chinese Restaurant ("Panda Restaurant") in Huntsville, Alabama. Crystal Lynn Albert, a 10-year-old girl, was struck by the car; she was seated inside the restaurant, approximately one to two feet from the exterior wall and window. When the car stopped, about one-half of the trunk was located inside the restaurant. On December 10, Crystal died from injuries sustained from this accident. Hung had been a customer at the restaurant prior to the accident; she had not consumed any alcoholic beverages.
On July 26, 1990, Linda G. Albert, Crystal's mother and administratrix of her estate, sued the Panda Restaurant, Leo Sui-Yean Hsu, Yang Ming-Hsu ("Panda Defendants"), Consolidated Construction Company, Inc. ("Consolidated"), and Charles W. Anderson, alleging negligence and breach of contract. The defendants claim that Crystal's death was caused by an intervening negligent act by Hung.
The issue here is whether the trial court properly entered the defendants' summary judgments, ruling that there were no material issues of fact presented by the plaintiff. From the facts in the record, it appears that the defendants had no duty to protect Crystal from the type of harm that caused her injury, because the harm was not reasonably foreseeable. We therefore affirm the summary judgments.
Anderson employed Consolidated in 1976 or 1977 to construct the Panda Restaurant; Anderson was the lessor of the premises until January 1986, when he sold the property to Yang and Leo. Albert alleges that Consolidated negligently designed, built, or constructed the premises and that Anderson negligently designed, engineered, or planned the premises. Albert submits that they should have used concrete block rather than aluminum and glass "curtain wall construction" or should have erected guarding and barricades around the building.
The parking spaces at the time of the accident were the same as they had been when Leo purchased the premises from Anderson. The only modifications to the premises were the removal of a drive-up window, the addition of a canopy to the front of the building, and the addition of wooden barriers in front of the curb to protect the poles supporting the canopy.
The premises were constructed in accordance with the building code requirements for the City of Huntsville. The Huntsville City Inspection Department reviewed and approved the building plans and specifications, performed the required inspections, and issued a certificate of occupancy for the completed building.
Each defendant filed a motion for summary judgment; the trial court granted these motions on December 27, 1991. Pursuant to Rule 56, A.R.Civ.P., the standard *Page 897 
of appellate review is whether there was any genuine issue of material fact and, if not, whether the defendants were entitled to judgments as a matter of law. In determining whether there was a genuine issue of material fact, the appellate court is limited to reviewing the factors and the evidence considered by the trial court when it entered the summary judgment.Purvis v. PPG Industries, Inc., 502 So.2d 714, 716
(Ala. 1987).
After a party moving for a summary judgment has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the other party to show that there exists a genuine issue of material fact. Perry v. MobileCounty, 533 So.2d 602, 604 (Ala. 1988).
Thus, the sole issue in this case is whether, based on the facts before the trial court when it granted the summary judgment motions, there was a genuine issue of material fact, and, if there was not, whether the defendants were entitled to judgments as a matter of law.
The elements required for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury. John R. Cowley Bros., Inc. v. Brown,569 So.2d 375, 379 (Ala. 1990). The existence of a legal duty is a question of law for the court; "where there is no duty, there can be no negligence." Rose v. Miller Co.,432 So.2d 1237, 1238 (Ala. 1983).
Insofar as foreseeability is an element of duty, any foreseeability inferred from the facts of this case is too remote to give rise to a duty owed and breached. This Court has stated:
 "If, between the alleged negligent act or omission and the injury, there occurs an independent, intervening, unforeseeable event, the causal connection between the alleged negligence and the injury is broken. . . .
 "The key here is foreseeability. This court has held many times that a person, who by some act or omission sets in motion a series of events, is not responsible for consequences of intervention of another agency, unless at the time of his original act or omission, the act of the intervening agency could reasonably be foreseen. If so, the causal chain is not broken. If the injury results from an independent intervening, efficient cause, not reasonably foreseeable, the original negligent act or omission is not the proximate cause of injury."
Vines v. Plantation Motor Lodge, 336 So.2d 1338, 1339
(Ala. 1976).
In the present case, the negligent driver, Hung, was an independent, intervening agent, whose negligence was the proximate cause of Crystal's injury and death. This Court has stated:
 " '[H]owever negligent a person may have been in some particular respect, he is liable only to those who may have been injured by reason of such negligence, as the proximate cause. Where some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence, in the first instance, is not responsible.' "
Morgan v. City of Tuscaloosa, 268 Ala. 493, 497,108 So.2d 342, 346 (1959) (quoting Smith v. Alabama WaterService Co. 225 Ala. 510, 512-13, 143 So. 893, 896
(1932)); Mobile City Lines v. Proctor, 272 Ala. 217,130 So.2d 388, 394 (1961).
In Glick v. Prince Italian Foods of Saugus, Inc.,25 Mass. App. Ct. 901, 514 N.E.2d 100 (1987), a vehicle left the highway and struck a restaurant building, crashing through the exterior wall of the restaurant and injuring patrons. The restaurant had eight-inch high cement bumper stops around the perimeter of the building. The court affirmed a summary judgment for the defendant, the operator of the restaurant, on the basis that the incident was not reasonably foreseeable.
The Mississippi Supreme Court held as a matter of law that there is no duty owed by a store owner to persons inside the building to erect barriers in order to prevent vehicles from driving through the store's window. Carpenter v. Stop-N-GoMarkets of Georgia, Inc., 512 So.2d 708, 709 (Miss. 1987). Another court has written:
 "To erect an impregnable barrier around all of the buildings would both obstruct normal pedestrian traffic and impose on the owners a burden completely out of *Page 898 
proportion to the anticipated risk. We agree that liability cannot be predicated on the fact that out of the many thousands of vehicles which use parking areas in a normal way, one or two may occasionally jump the curb and expose pedestrians as well as tenants to the remote possibility of injury."
Mack v. McGrath, 276 Minn. 419, 150 N.W.2d 681, 686
(1967).
The majority view is stated in Schatz v. 7-Eleven,Inc., 128 So.2d 901, 904 (Fla.Dist.Ct.App. 1961):
 "We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law."
The claim in the present case is lacking the essential element of foreseeability. We hold that there was no duty and no causation; the facts indicate that the cause of the accident was the operation of the vehicle.
For the foregoing reasons, the summary judgments in favor of the defendants are due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX,
HOUSTON and KENNEDY, JJ., concur.