Arkather DAVIS, et al., Plaintiffs,

v.

**WAL–MART STORES, INC., Defendant.**

**No. CIV.A.98–D–1088–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

July 27, 1999.

Douglas J. Fees, Huntsville, AL, for Plaintiffs.

H.E. Nix, Jr., Jay S. Tuley, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendant's Motion For Summary Judgment ("Def.'s Mot."), filed on April 20, 1999. Plaintiffs filed their Opposition To Defendant's Motion For Summary Judgment, which the court construes as a Response ("Pls.' Resp."), on May 10, 1999. Defendant filed its Reply Brief In Support Of Motion For Summary Judgment on May 17, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendant's Motion For Summary Judgment is due to be granted.

## JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Parties do not contest personal jurisdiction or venue.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is enti-tled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)).

The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548 (citing Fed. R.Civ.P. 56(c)). The mechanics of satisfying the initial burden vary, however, depending upon which party, the movant or the nonmovant, bears the burden of proof at trial. *See Fitzpatrick v. City of Atlan-*

*ta,* 2 F.3d 1112, 1115 (11th Cir.1993) (detailing the nature of the parties' responsibilities when preparing or defending against a motion for summary judgment).

Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (citing Fed.R.Civ.P. 56(e)). In meeting this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

## FACTUAL BACKGROUND

Defendant is a corporation operating a store located in Phenix City, Alabama. (Compl. at 2.) On April 11, 1998, Defendant received a shipment of flowers. (Buford Dep. at 20.) The flowers were unloaded from the delivery trucks onto pallets in an unloading zone before being taken to a fenced-in area where customers could buy them. (*Id.* at 20, 21.) The unloading zone was located on the sidewalk in front of Defendant's store, within view of entering customers. (Mrs. Davis Dep. at 49–50.) No barriers were placed around the flowers while they were in the unloading zone. (Buford Dep. at 49, 50.)

On that same day, Plaintiff Arkather Davis ("Mrs.Davis") went to Defendant's store to shop for soil and flowers. (Mrs. Davis Dep. at 17.) Mrs. Davis went out-side to look at the flowers in the unloading zone. (*Id.* at 20.) While Mrs. Davis stood on the sidewalk, a third party drove a car onto the sidewalk. (*Id.* at 23–24, 26, 33.) The car was "out of control," (*Id.* at 30), and the driver was perceived to be on drugs. (*Id.* at 46.) The car hit Mrs. Davis as she stood on the sidewalk. (*Id.* at 35.) Mrs. Davis fell down and suffered various injuries to her left leg. (*Id.* at 83.)

Plaintiffs filed a two-count Complaint on August 26, 1998, alleging negligence/wantonness (Count One) and loss of consortium (Count Two). Plaintiffs seek compensatory and punitive damages. Defendant moves for summary judgment as to all counts in the Complaint. For the reasons explained below, the court finds that Defendant's Motion For Summary Judgment is due to be granted.

## DISCUSSION

### I. *Plaintiffs' Negligence/Wantonness Claim (Count One)*

To prevail on a negligence claim, Plaintiffs must demonstrate the following elements: (1) that Defendant owed a duty of care to Mrs. Davis; (2) that Defendant breached that duty; (3) that Mrs. Davis suffered loss or injury; and (4) that Defendant's negligence was the actual and proximate cause of that loss or injury. *See Lollar v. Poe,* 622 So.2d 902, 905 (Ala. 1993). To establish wantonness, Plaintiffs must demonstrate "that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Martin v. Arnold,* 643 So.2d 564, 567 (Ala.1994).

Plaintiffs claim that Defendant "had a duty to provide a safe place for customers such as Plaintiff Arkather Davis to shop." (Pls.' Resp. at 4.) Plaintiffs claim that "Wal–Mart's negligent or wanton design, lay-out or set up of products in the parking lot exposed pedestrians such as Mrs. Davis

to a greater risk of being struck by a vehicle," thereby breaching its duty. (*Id.* at 6.) Further, Plaintiffs claim that "pedestrian/automobile collisions were foreseeable to the defendant Wal–Mart and were the natural consequence of the Defendant's negligence or wantonness." (*Id.* at 7.) Specifically, Plaintiffs assert that the parking-lot safety measures implemented by Defendant were insufficient to satisfy its duty. (*Id.*)

Defendant asserts that it owed no duty of care to Mrs. Davis to protect her from the actions of the third-party driver: "[t]he actions of a third-party driver were not foreseeable by Wal–Mart and because of this lack of foreseeability, Wal–Mart owed no duty to the Plaintiffs, therefore, the Plaintiffs['] complaint is due to be dismissed." (Def.'s Mot. at 6.) As discussed below, the court finds that Defendant had no duty to protect Mrs. Davis from the unforeseeable actions of the third-party driver.

■■■ Regarding imposition of liability for negligence, the Alabama Supreme Court has held that:

Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury.

*Gilmore v. Shell Oil Co.,* 613 So.2d 1272, 1274–75 (Ala.1993) (quoting *Vines v. Plantation Motor Lodge,* 336 So.2d 1338, 1339 (Ala.1976)). That is, "however negligent a party may have been in some particular [instance], he is accountable only to those injured as a proximate result of such negligence. Where some independent agency intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable." *Id.* at 1275 (quoting *Hall v. Booth,* 423 So.2d 184, 185 (Ala. 1982)).

■■■ Further, the Alabama Supreme Court "has long recognized that a defendant who creates a dangerous 'condition' is

not responsible for a plaintiff's injury that results from the intervention of another agency, if at the time of the defendant's original negligence the intervening agency could not reasonably be foreseen." *Id.* at 1275 (citations omitted). "In such cases, we have held that the defendant's negligence is not the 'proximate cause' of the plaintiff's injury, and, therefore, that the defendant is not liable." *Id.* (citation omitted). The rationale underlying this posture is that "[s]uch an unforeseen agency...breaks the chain of causation that otherwise might have linked the defendant's negligence to the plaintiff's injury." *Id.*

■■■ The court assumes, without deciding, that Defendant's acts of creating and maintaining the unloading zone and parking lot created a dangerous condition. Therefore, Defendant would be liable for the third party's actions unless, at the time that Defendant acted, the third party's actions could not reasonably be foreseen. *Id.* at 1275. As demonstrated below, the court finds that the third party's actions were unforeseeable so as to relieve Defendant of liability for Plaintiffs' negligence/wantonness claim.

First, the court concludes that the third-party's actions were outside the normal course of events and, in similar cases, courts have held that a defendant premise-owner did not have a duty to prevent such actions from occurring:

We are not unmindful of the obvious fact that at times operators lose control over the forward progress and direction of their vehicles either through negligence or as a result of defective mechanisms, which sometimes results in damage or injury to others. In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. When they happen, the consequences resulting therefrom are matters of chance and speculation. If as a matter of law such occurrences are held to

be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter. Such occurrences fall within the category of the unusual or extraordinary, and are therefore unforeseeable in contemplation of the law.

*Albert v. Hsu,* 602 So.2d 895, 898 (Ala. 1992) (quoting *Schatz v. 7–Eleven, Inc.,* 128 So.2d 901, 904 (Fla.Dist.Ct.App.1961)). In *Albert,* the plaintiff was seated inside a restaurant owned by the defendant when a third party drove her car from the parking lot, over a six-inch curb, across a sidewalk, and through the wall of defendant's restaurant, thereby striking and causing the death of plaintiff's daughter. 602 So.2d at 896. Plaintiff brought a negligence claim against defendant, alleging that defendants negligently designed, built, or constructed the premises. *Id.* The court determined that the third-party driver "was an independent, intervening agent, whose negligence was the proximate cause of Crystal's injury and death." *Id.* at 897. Further, the court held that plaintiff's claim "is lacking the essential element of foreseeability . . . there was no duty and no causation; the facts indicate that the cause of the accident was the operation of the vehicle." *Id.* at 898.

Similarly, in *Morgan v. City of Tuscaloosa,* 268 Ala. 493, 108 So.2d 342 (1959), the defendant constructed a drainage sewer such that the sewer became stopped up and caused water to back up on a public street. *Id.* at 344. When a third-party driver drove his car through the water, the water splashed on the windshield and obstructed the driver's view. *Id.* The driver's vehicle fatally struck the plaintiff's son as the son walked across the street. *Id.* The plaintiff sued the defendant for negligence, alleging that the defendant negligently constructed or maintained the drainage sewer. *Id.* The court held that the defendant's actions in constructing or maintaining the sewer "should be treated as merely a circumstance of the accident and not as a concurring proximate cause."

*Id.* at 345. Specifically, the court stated that:

When the driver of the automobile which struck the son of the appellant proceeded down Tenth Avenue . . . he was faced with a condition of the street, namely, water impounded thereon. The act of the driver in approaching the impounded water in the street and negligently driving into the same with such force as to cause the water to splash upon his windshield, obscuring his vision and causing him to run into the decedent, should be considered as the sole proximate cause of decedent's death.

*Id.; see also Gilmore,* 613 So.2d at 1275–76 (where deceased found handgun in defendants' store and used handgun to shoot himself, the court held that defendants' act of leaving the handgun in the store was unforeseeable and that deceased's actions were "sufficiently culpable to supersede the defendants' negligence as the proximate cause" of the deceased's death); *Smoyer v. Birmingham Area Chamber of Commerce,* 517 So.2d 585, 588 (Ala.1987) (holding that, where a drunk third-party drove out of defendant's parking lot and hit plaintiff's car, there was no evidence that defendant's allegedly negligent design and maintenance of parking lot was proximate cause of plaintiff's injuries); *Schatz,* 128 So.2d at 904 (finding that, where defendant premises-owner permitted cars to park perpendicularly to curb in front of open and unobstructed entrance but failed to erect higher curb in front of entrance and plaintiff was hit by car while in the entrance, defendant did not breach duty).

Second, there is no evidence before the court indicating that any similar type of accident had occurred in the past so as to put Defendant on notice of the possibility of such an incident. Indeed, the only evidence before the court is directly to the contrary:

Q. Do you have any knowledge of any prior collisions between automobiles and

customers in the parking lot area of the Wal–Mart Store 1284?

   *      *      *      *      *      *

A.  No.

Q.  And that would be based upon your working there since 1989?

A.  Right.

(Buford Dep. at 36–37.)[1] Therefore, under the facts of the above-styled action, that Mrs. Davis was located on the sidewalk and not the parking lot when injured, that the third-party driver was driving out-of-control for reasons not attributable to Defendant, and that, to the best of the court's knowledge, no similar accident had occurred in the past, the court concludes that the third-party's act of driving a car on the sidewalk in an out-of-control manner was not foreseeable to Defendant at the time Defendant created and maintained the unloading zone and parking lot.

■ Plaintiffs claim that Defendant had a duty because "defendant has admitted by its own testimony that it did have a duty and responsibility to make sure customers were safe from risk of serious injury or death while shopping at Wal–Mart (citation omitted)." (Pls.' Resp. at 3.) However, the court does not find the duty to provide a safe shopping environment for shoppers to be commensurate with a duty to provide an environment safe from unforeseeable agencies. Indeed, the court believes it would be impossible to provide such an environment; hence, the logic underlying the aspect of negligence law excepting a duty concerning unforeseeable agencies.

Therefore, because the court finds that the third-party driver's actions were unforeseeable to Defendant at the time it acted, the court finds that Defendant had no duty and thus was neither negligent nor wanton. Accordingly, Plaintiffs' negligence/wantonness claim (Count One) against Defendant is due to be dismissed.

## II. *Plaintiffs' Loss of Consortium Claim (Count Two)*

■ Plaintiffs claim that Nathan Davis ("Mr.Davis") "was caused to lose the services, support and consortium of his wife, Arkather Davis," as a result of Defendant's negligent/wanton actions. (Compl. at 4.) A loss of consortium claim "is a derivative claim," and "a jury must find for a spouse asserting a loss of consortium if the jury finds against the defendant on the underlying claim, provided that the spouse claiming loss of consortium can prove damage to his or her marital interest resulting from the underlying wrongful act." *Ex parte N.P.*, 676 So.2d 928, 930 (Ala.1996). Because the court finds for Defendant on the underlying negligence/wantonness claim, the court finds that Plaintiffs' derivative loss of consortium claim too must fail, and that summary judgment is due to be granted as to Count Two of Plaintiffs' Complaint.

## ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendant's Motion For Summary Judgment be and the same is hereby GRANTED, and that the above-styled action be and the same is hereby DISMISSED in its entirety.

---

1. The court notes that this testimony was provided by an employee of Defendant, Jimmie E. Buford, who was not a corporate representative of Defendant. *See* Buford Dep. at 36,

37. Plaintiffs, however, fail to provide any evidence by a corporate representative of Defendant indicating that any prior incidents similar to Mrs. Davis' accident ever occurred.